JOHN WRONA & others *vs.* BOARD OF APPEALS OF PITTSFIELD
& others.

Berkshire.   September 25, 1958. — November 10, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& CUTTER, JJ.

*Zoning.*

Under a zoning ordinance of a city empowering its board of appeals to
grant under an exception special permits for the erection of exten-
sions to nonconforming buildings in residential districts if such action
would be in harmony with the general purposes and intent of the
ordinance, a special permit by the board authorizing erection of an
extension of a building devoted to a nonconforming use was in excess
of the board's authority and must be annulled where such extension
would be so located as not to comply with the building setbacks pre-
scribed by the ordinance. [89]

Allowance by a zoning board of appeals of the erection of an extension
of a building so located as not to comply with the building setbacks
prescribed by the zoning ordinance, considered as a grant of a vari-
ance under G. L. c. 40A, § 15, must be annulled as in excess of the
board's authority where there was no finding of substantial hardship
to the applicant. [90]

BILL IN EQUITY, filed in the Superior Court on May 31,
1956.

The suit was heard by *Cahill, J.*

*Nelson A. Foot,* for the plaintiffs.

*John A. Barry,* for the defendant Board of Appeals of
Pittsfield.

SPALDING, J.   On May 7, 1956, Louis O. Conway applied
to the board of appeals of Pittsfield for permission to build a
one story extension to a building owned by him, which is
located in a single residence district in that city.   Conway's
building is used as a motor freight terminal and has been
devoted to this use since a time prior to the designation of
the area as a single residence district.   The proposed exten-
sion would also be used as a motor freight terminal.

Under the city's zoning ordinance, which was passed on May 11, 1953, motor freight terminals are not permitted in a single residence district. However, the ordinance contains the following provision: "Original Jurisdiction. — The Board of Appeals may in a specific case, by virtue of the authority vested in it by statute, after public notice and hearing and subject to appropriate conditions and safeguards to be prescribed by the Board, determine and vary the application of the provisions of this Ordinance, in harmony with their general purposes and intent, as follows: . . . (3) Permit a substitution for, or an alteration to, an existing building, structure, or use, whether conforming or nonconforming, or an extension in the same or even into a more restricted district if limited to the same premises as such existed on the twenty-eighth day of December, nineteen hundred and twenty-seven, or as lawfully permitted subsequent thereto, including the erection of a supplementary non-conforming building."

It was under this provision that Conway applied for permission to erect the extension to his existing building.

After due notice, the board of appeals held a public hearing on Conway's request and authorized the issuance of a special permit to build the extension. From this decision the plaintiffs (owners of property abutting on Conway's premises) appealed to the Superior Court under G. L. c. 40A, § 21, inserted by St. 1954, c. 368, § 2. The judge made findings of facts, which included those set forth above, and ordered a decree to be entered that the board had not exceeded its authority and that the bill be dismissed. From a decree entered accordingly, the plaintiffs appealed. The evidence is not reported. Other facts will appear later.

While it is not entirely clear, it appears to us that both the board and the trial judge dealt with Conway's application as a request for a special permit under an exception rather than as an application for a variance, and we shall deal with the case on that footing.

The question of whether the exception contained in the ordinance conforms to the requirements of the enabling

statute, G. L. c. 40A, §§ 2–3, 5, has not been presented. We assume, without deciding, that this provision is valid. See, however, *Smith* v. *Board of Appeals of Fall River*, 319 Mass. 341; *Planning Bd. of Reading* v. *Board of Appeals of Reading*, 333 Mass. 657. Cf. *Burnham* v. *Board of Appeals of Gloucester*, 333 Mass. 114.

The issue where an exception is involved is a narrower one than that presented in variance cases. *Donovan Drug Corp.* v. *Board of Appeals of Hingham*, 336 Mass. 1, 4. *Lawrence* v. *Board of Appeals of Lynn*, 336 Mass. 87, 89–90. The applicable provision in the enabling statute is as follows: ". . . Such exceptions shall be in harmony with the general purpose and intent of the ordinance or by-law and may be subject to general or specific rules therein contained." G. L. c. 40A, § 4. The ordinance repeats the requirement of harmony with its general purpose and intent without containing any more specific requirements. The board's action, then, is to be measured by this standard.

The neighborhood in which Conway's property is located is classified as an R–1–C district. His lot and those lots abutting on it have dimensions of fifty feet by one hundred feet. The ordinance provides that in R–1–C districts setbacks are required of twenty feet from the street and twenty-five feet from the adjoining lot if the lot is one hundred feet or more in depth, but not more than twenty-five per cent of the lot if the lot is less than one hundred feet in depth. The judge found that ". . . The proposed addition or extension will not be built in compliance with this . . . requirement but will on one side be within a few feet of the property of Mrs. Bernice Pearce, a petitioner." The board could properly have allowed an extension of the nonconforming use up to the setback lines under the exception. However, when it permitted the extension beyond the very precise setback requirements contained in the ordinance it exceeded its authority. This action cannot be said to be in harmony with the general purposes and intent of the ordinance. Any extension beyond the setback lines constitutes a variance from the ordinance, and must be sought under the variance

procedure, G. L. c. 40A, § 15, and not by way of a special permit under an exception. In reaching this conclusion we have not overlooked other findings of the judge but we are of opinion that they are not sufficient to support the decree.[1]

But even if the proceeding before the board is considered under the law governing variances, the action of the board cannot stand. No variance can be granted unless all of the statutory requirements set forth in G. L. c. 40A, § 15, are satisfied. *Blackman* v. *Board of Appeals of Barnstable*, 334 Mass. 446, 450. *Atherton* v. *Board of Appeals of Bourne*, 334 Mass. 451, 454. Here there is no finding of substantial hardship. This omission alone is fatal to the grant of a variance. *Spaulding* v. *Board of Appeals of Leicester*, 334 Mass. 688, 692.

The final decree is reversed and a decree is to be entered that the decision of the board of appeals of the city of Pittsfield was in excess of its authority and is annulled; and that the clerk of court within thirty days after the entry of the decree send an attested copy thereof to the board and to the inspector of buildings of the said city.

*So ordered.*

---

[1] The judge found that "the lot involved and the land immediately around it are not suitable for residential purposes but are and have been used since 1948 for business purposes; that, to some extent, public convenience and welfare will be served by the granting of the permit; that the granting of the permit will not tend to impair the status of the neighborhood; nor detract from the enjoyment of the property rights of abutters in the immediate neighborhood; that said Conway has immediate need for the extension and that unless it is permitted, he will be required to curtail the service rendered by him in his express business."