GEORGE A. McLAUGHLIN *vs.* BOARD OF APPEALS OF HARWICH & others.[1]

Barnstable. March 5, 1971. — May 3, 1971.

Present: TAURO, C.J., SPALDING, SPIEGEL, REARDON, & BRAUCHER, JJ.

*Moot Question. Zoning,* Multiple dwelling, "Principal structure." *Building.*

Where an undisputed affidavit filed in this court disclosed that since the hearing by a judge of the Superior Court of a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of the board of appeals of a town affirming the building inspector's grant of a permit for the construction of a certain building, the structure erected pursuant to the permit had been altered so that the altered structure was substantially different from that considered by the board and the judge, the case was remanded to the Superior Court for entry of a

—————

[1] All the regular members of the board of appeals of the town of Harwich were named as defendants. Other defendants were H. Donald Stanford, the building inspector of Harwich, and Charles W. Sullivan, the owner of the lot and building in question.

decree dismissing the appeal on the ground the case had become moot. [419]

Under the zoning by-law of a town providing that "only one principal structure shall be permitted on one lot," it was held that a duplex or a two-family dwelling having one continuous roof over the entire structure, a common wall separating the two parts, uniform exterior paint and trim colors, and free cellar passage between the two parts was "one principal structure" only. [419–420]

BILL IN EQUITY filed in the Superior Court on December 4, 1969.

The case was reported by *Ponte, J.*

*Walter H. McLaughlin, Jr.*, for the plaintiff.

*Edward U. Lee* for Charles W. Sullivan.

SPALDING, J. This is a bill in equity under G. L. c. 40A, § 21, by way of appeal from a decision of the board of appeals of the town of Harwich (town). The judge made findings of fact and reported the case without decision. G. L. c. 214, § 31. The evidence is reported.

We summarize the findings of the judge as follows. The zoning by-law of the town provides in relevant part: "In residential and agricultural districts . . . no building . . . shall be erected . . . except a. Detached one or two-family dwelling with privilege for renting of not more than five (5) rooms . . . " and "Except for shopping centers, industrial complexes, municipal facilities and public utilities, only one principal structure shall be permitted on one lot."[2]

The defendant Charles W. Sullivan (Sullivan) owns a lot in the town near the plaintiff's summer residence. On October 30, 1968, an application was filed for a permit to build a duplex house on this lot. The application was approved by the building inspector and a permit was issued. Contending that the issuance of the permit was not authorized by the town's zoning by-law, the plaintiff appealed to the board of appeals. From a decision of the board affirming the granting of the permit, the plaintiff appealed to the Superior Court. By the time the case was heard in

[2] The first quotation is from Part 3 a of § 2 of the town's "Protective By-Law," and the second is from Part b of the "Table of Area and Bulk Regulations" located in § 3 of the same "Protective By-Law."

the Superior Court, the building in question was completed.[3]
The structure erected pursuant to the permit was described
by the judge as follows: "[T]wo five-room dwellings each
with separate foundation walls solidly enclosing each base-
ment separately and each containing an open cellar . . . .
Each dwelling has a separate roof; each has a separate front
door and rear door entrance. . . . Both dwellings are con-
nected by or attached to a breezeway . . . [ten feet] wide.
A foundation and slab is set on footings and support the
breezeway. . . . There is no continuous roof from the
dwellings over the breezeway. . . . There are no doors for
entrance to either dwelling from the breezeway . . . . There
are ordinary windows from each dwelling that face the
breezeway. The breezeway serves as the passage way from
the front yard to the rear yard. The roof on the breezeway
is at a level lower than the separate roofs of each dwell-
ing. . . . The exterior painting of doors and blinds of each
house are of different colors." The judge found that "on
one lot there are two complete five-room 'salt box type'
dwellings with identical floor plans and each separately
functional joined by the breezeway." The questions re-
ported by the judge were: (1) "Did Sullivan construct 'one
principal structure' on one lot as defined in . . . [the
town] zoning by-law?" and (2) "Was the Building Permit
issued by . . . [the building inspector of the town] to
Sullivan in violation of the provisions of . . . [the town's]
zoning by-law?"

The decisive question which is dispositive of both ques-
tions reported is whether the building is "one principal
structure" as defined by the zoning by-law of the town.
At the arguments in this court Sullivan moved that the
case be dismissed on the ground of mootness and attached
to the motion an affidavit setting forth the facts upon which
the motion rested. See *Hubrite Informal Frocks, Inc.* v.
*Kramer,* 297 Mass. 530, 532–533. Counsel for the plaintiff

---

[3] The relief now sought by the plaintiff, since the structure has been com-
pleted, is that the court order the removal of those parts of the structure
which are not in conformity with the zoning by-law.

McLaughlin *v.* Board of Appeals of Harwich.

in response to questions put by the court agreed that the facts set forth in the Sullivan affidavit were correct and stated that he did not wish to file a counter affidavit. The affidavit states in relevant part: "Since the hearing in Superior Court Sullivan eliminated the breezeway altogether by closing in the area with the same character and type of construction as in the rest of the structure, enlarged the roof area at the former site of the breezeway, converted the space formerly occupied by the breezeway area into four walk-in closets (two for each apartment), repainted the trim and blinds in one uniform color, removed the concrete pad of the breezeway and excavated beneath it to permit free passage at cellar level between the two apartments of the duplex." Four photographs of the altered structure were submitted with the affidavit.

It is thus apparent on the basis of undisputed facts that the structure in question is substantially different from that considered by the board of appeals and the court below. A decision by this court on the facts presented to the Superior Court would be academic in view of the changed situation. What we might decide with respect to the facts determined in the court below would have no relevancy to the facts now existing. Accordingly, we are of opinion that the case is now moot; Sullivan's motion that the plaintiff's appeal be dismissed on that ground is granted. See *Hubrite Informal Frocks, Inc.* v. *Kramer*, 297 Mass. 530, 533–535.

However, it is conceivable that dismissal of the appeal on the ground of mootness will not end the controversy, and further litigation is not unlikely. In these circumstances, and since the case has been fully argued, we think that an expression of our views on the merits on the facts now existing would be appropriate. See *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731; *Clark* v. *City Council of Waltham*, 328 Mass. 440, 442.

We are of opinion the changes outlined above show that the building, irrespective of whether it is called a duplex or a two-family dwelling, is "one principal structure" only and is thus not in violation of the town zoning by-law. There

is now one continuous roof over the entire structure. Free passage exists between its two parts. A common wall separates the two parts of it. The paint and trim colors of the structure are uniform throughout the exterior. The photographs reveal a structure "designed to produce a unified architectural effect." *Olson* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 57, 60. In expressing these views, we are not to be understood as making any intimation one way or the other as to what they might be on the facts that were adduced before the Superior Court.

The case is remanded to the Superior Court and a decree is to be entered that the appeal be dismissed, not on the merits, but because the case has become moot. See *Vigoda* v. *Superintendent of Boston State Hosp.* 336 Mass. 724, 726–727.

*So ordered.*