ALFRED W. BETTIGOLE, trustee, *vs.* CITY COUNCIL OF SPRINGFIELD. April 24, 1973. This petition for certiorari was entered in the Superior Court in Hampden County on May 20, 1971, praying that the court quash the decision of the respondent city council of Springfield denying a

license to the petitioner to conduct an open-air parking space (G. L. c. 148, § 56), and, further, that the Superior Court order the issuance of such a license. The litigation culminated on September 10, 1971, in an order for judgment that such a license be issued to the petitioner on or before September 13, 1971. The respondent granted the license and filed a timely appeal from the order for judgment. G. L. c. 213, § 1D, as amended by St. 1957, c. 155, providing an appeal from "any order decisive of the issues." See *Belinfante* v. *Mayor of Revere*, 352 Mass. 712. The petitioner, who prevailed below, argues that the case is moot. He points out that the license granted on September 13, 1971, expired on April 30, 1972, pursuant to G. L. c. 148, § 56, which provides in pertinent part that "[l]icenses granted hereunder shall expire on April thirtieth following the date of issue . . . ." At oral argument he disclaimed any intention to seek a license for the period ending April 30, 1973, or thereafter; on August 1, 1972, he had discontinued another petition for certiorari brought June 6, 1972. The subject matter of this petition is therefore academic, and we see no purpose to be served in deciding this case on what is now a stale record. *Selectmen of Lakeville* v. *Alcoholic Beverages Control Commn.* 329 Mass. 769. *Reilly* v. *School Comm. of Boston,* 362 Mass. 689. Cf. *Kenworthy & Taylor, Inc.* v. *State Examrs. of Electricians,* 320 Mass. 451, 452-453; *Cleary* v. *Cardullo's, Inc.* 347 Mass. 337, 350-351; *Board of Gas and Elec. Commrs. of Middleborough* v. *Department of Pub. Util.* 363 Mass. 433, 435-436. The order for judgment is reversed not on the merits but because the case has become moot, and the case is remanded to the Superior Court with directions to dismiss the petition. *Vigoda* v. *Superintendent of Boston State Hosp.* 336 Mass. 724, 726-727. *Reilly* v. *School Comm. of Boston, supra.* Costs of this appeal are not to be taxed in favor of either party. *Berger* v. *Wellesley,* 334 Mass. 193, 195.

*So ordered.*

*James E. Dowd,* Assistant City Solicitor (*Troy T. Murray,* City Solicitor, & *Frank E. Antonucci* with him) for the respondent.

*William K. Danaher, Jr.,* for the petitioner.