MARTHA WILLIAMS & another, trustees, vs. BUILDING COMMISSIONER OF BOSTON & others.

Suffolk.   December 19, 1972. — September 20, 1973.

Present: ROSE, GOODMAN, & ARMSTRONG, JJ.

*Zoning,* Variance; Board of appeals: decision; Nonconforming use or structure. *Equity Pleading and Practice,* Zoning appeal.

Decisions of the board of appeal of Boston granting zoning variances for an extension of a nonconforming use in a local business district, and for the erection of a warehouse-garage structure in an apartment district were invalid on their face for lack of findings of "special circumstances or conditions" as required by Section 7-3 of the Boston zoning code. [479-480]

Granting of permission by the board of appeal of Boston for extension of a nonconforming use was invalid for lack of reference to the maximum value restriction contained in Section 9-1 of the Boston zoning code. [480-481]

BILL IN EQUITY filed in the Superior Court on March 29, 1971.

The suit was heard by *Connolly,* J.

*John Burrell & Martha Williams,* trustees, pro se.

*Walter H. McLaughlin, Jr.,* for Kasanof's Baking Company, Inc.

GOODMAN, J.   This is a bill in equity under the Boston zoning enabling act, St. 1956, c. 665, to annul two decisions of the board of appeal for the city of Boston (board) both issued on the same day, October 20, 1970. In one, the board voted "to grant the requested variance and permission for extension of non-conforming use," permitting the construction of six silos for the storage of flour in connection with the operation of a bakery then owned by Kasanof's Baking Company, Inc. (Kasanof's).[1] The silos would front

---

[1] Kasanof's was permitted to intervene as a defendant in the proceedings in the

on Blue Hill Avenue and extend along the existing building wall of the bakery. This locus is in a district zoned for local business; the bakery is a non-conforming use. The second decision granted a variance for the erection of a "warehouse-garage structure" on that part of the bakery property on Edgewood Street. This is in a district zoned for apartments in which a warehouse is forbidden. The Superior Court sustained the decisions of the board and the plaintiffs, abutting owners, appealed. The trial judge made "Findings, Rulings and Order For Decree"; the evidence is reported.

We first examine each decision of the board to see whether it is valid on its face as a grant of a variance. Neither decision contains, as required by Section 7-3 of the Boston Zoning Code (code), findings "[t]hat there are special circumstances or conditions, fully described . . . applying to the land or structure for which the variance is sought . . . which circumstances or conditions are peculiar to such land or structure but not the neighborhood, and that said circumstances or conditions . . . would deprive the appellant of the reasonable use of such land or structure . . . ." Both decisions are therefore invalid. See *Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455, 457 (1962); *Zinck* v. *Zoning Bd. of Appeals of Framingham,* 345 Mass. 394, 395 (1963); *Hunt* v. *Board of Appeals of Whitman,* 352 Mass. 782 (1967); *Planning Bd. of Springfield* v. *Board of Appeals of Springfield,* 355 Mass. 460, 462 (1969); *Wolfson* v. *Sun Oil Co.* 357 Mass. 87, 90-91 (1970); *McNeely* v. *Board of Appeal of Boston,* 358 Mass. 94, 103 (1970); *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 292 (1972). See also *Allen* v. *Board of Appeals of Fall River,* 351 Mass. 714 (1967); *Morin* v. *Board of Appeals of Leominster,* 352 Mass. 620 (1967). Nor did the trial judge make findings (and the record does not permit findings) of such "special circumstances or conditions." Thus the decisions of the board cannot stand, and we do not

Superior Court. The building commissioner and the board filed an answer but did not participate further in the proceedings.

deal with the adequacy of the findings of the board or of the trial judge as to the other conditions for a variance.

Kasanof's argues that the decision granting permission to build the silos can stand as permission for the extension of a non-conforming use under Section 9-1 of the code ("subject to the provisions of Section . . . 6-3"; see fn. 2). However, on this basis also, "as is the case where the granting of a variance is involved, the board . . . must set forth 'clearly the reason·or reasons for its decisions' that the applicable statutory and by-law standards have been met. G. L. c. 40A, § 18 [substantially adopted in the Boston zoning enabling act, St. 1956, c. 665, § 8]." *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 295 (1972). These standards in Section 9-1 of the code are that "the building or structure as . . . extended shall not exceed by more than twenty-five per cent either in volume or in area the building or structure existing on the effective date of this code . . . [and] that the aggregate amount expended for . . . extending a nonconforming building or structure . . . shall not exceed fifty per cent of the physical value of the building or structure on the effective date of this code . . . as determined by the Board of Appeal from its reproduction cost less physical deterioration." The board's decision seems to be addressed primarily to the question of the grant of a variance and does not address itself directly to these standards or to the conditions set out in Section 6-3 of the code.[2]

We do not pause to consider whether the satisfaction of some of these requirements can be gleaned from a close reading of the board's decision; it is clear, in any event, that

---

[2] "Section 6-3. Conditions Required for Approval. The Board of Appeal shall grant any such appeal only if it finds that all the following conditions are met:

(a) the specific site is an appropriate location for such use or, in the case of a substitute nonconforming use under Section 9-2, such substitute nonconforming use will not be more objectionable nor more detrimental to the neighborhood than the nonconforming use for which it is being substituted;

(b) the use will not adversely affect the neighborhood;

(c) there will be no serious hazard to vehicles or pedestrians from the use;

(d) no nuisance will be created by the use; and

(e) adequate and appropriate facilities will be provided for the proper operation of the use."

it contains no reference to the maximum value restriction contained in Section 9-1. The decision is therefore invalid. *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 296-298 (1972). The trial judge's findings contain no reference to the standards in Section 9-1, and the record does not relate the required ratios (which are mentioned in the testimony) to the "building or structure existing on the effective date of this code."

However, the deficient findings as to the requirements in Section 9-1 for the extension of a non-conforming use are probably remediable at a further hearing. For this reason, though both decisions must be annulled, we order the case to be remanded to the board for further proceedings in both these interconnected appeals. *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 300 (1972). We need not deal with the plaintiffs' contention that the original appeals to the board were vitiated because the appellant had already sold the property when it appealed to the board. See *Belfer* v. *Building Commr. of Boston,* 363 Mass. 439 (1973). See also *Marinelli* v. *Board of Appeal of Boston,* 275 Mass. 169, 173 (1931); *Carson* v. *Board of Appeals of Lexington,* 321 Mass. 649, 652-653 (1947). We assume that Kasanof's, as the present owner of the locus, will be permitted by the board to participate in further proceedings as the proper appellant.[3]

Accordingly, the final decree is reversed and a new decree is to be entered (1) declaring that the decisions of the board were in excess of its authority and are annulled, (2) remanding the case to the board for further proceedings consistent with this opinion, and (3) providing that the Superior Court shall retain jurisdiction of the case. *Josephs* v. *Board of Appeals of Brookline, supra,* at 300.

*So ordered.*

---

[3] We note that the board in its decision stated that "record title to the subject real estate is now vested in Kasanof's Baking Company, Inc."