CLARENCE F. WERNER & others *vs.* BOARD OF APPEALS
OF HARWICH & others[1]
(and a companion case).

Barnstable. November 21, 1973. — November 6, 1974.

Present: ROSE, KEVILLE, & GOODMAN, JJ.

*Zoning,* Nonconforming use or structure, Variance, Special permit.
*Equity Pleading and Practice,* Zoning appeal.

A zoning by-law empowering a board of appeals to permit "any nonconforming . . . building [to be] enlarged" did not empower the board to permit the owner of a motel consisting of a number of nonconforming buildings to construct several separate nonconforming structures to be connected to each other by porches, with one to be connected to the existing building by tunnel. [650-652]

A zoning by-law requirement that a nonconforming building, as enlarged, be "not substantially different in character" was not fulfilled by a finding that the "entity," rather than each of three

---

[1] Commodore Motel, Inc., and H. James Du DeVoire, Jr., its president and treasurer.

nonconforming motel buildings, would not be substantially changed by proposed construction.   [652]


TWO BILLS IN EQUITY filed in the Superior Court on February 25, 1972, and May 31, 1972, respectively.

The suits were heard by *Leen,* J.

*Dean E. Nicholson* (*Stuart F. Liss* with him) for the plaintiffs.

*Richard J. Cain* for Commodore Motel, Inc.

*James M. Falla,* Town Counsel, for the Board of Appeals of Harwich, submitted a brief.

KEVILLE, J.   These are two bills in equity brought under G. L. c. 40A, § 21, by abutters, and others claiming to be aggrieved, to set aside decisions of the board of appeals of Harwich (board) granting to the defendant Commodore Motel, Inc. (Commodore), (1) a special permit for the construction of various facilities to be used in connection with a nonconforming motel use on land (locus) in a residential zone and (2) a variance exempting those facilities from setback requirements. The cases were consolidated for trial in the Superior Court.   The trial judge, after making "Findings of Fact [and] Rulings of Law" (later adopted as his report of the material facts applicable to both cases), ordered that decrees be entered dismissing the bills.   The plaintiffs have appealed from the final decrees so entered.   Since *the evidence is not reported, our review is* limited to a determination whether the board and the judge made specific findings sufficient to meet the statutory and by-law prerequisites *to the granting of the special permit and the variance.   Josephs v. Board of Appeals of Brook-line,* 362 Mass. 290, 291 (1972).

We summarize the facts as stated in the report of material facts and as shown in the exhibits transmitted to us which were mentioned in the report.   See *Jenckes* v. *Building Commr. of Brookline,* 341 Mass. 162, 163 (1960).   Contrast *Flynn* v. *Brassard,* 1 Mass. App. Ct. 678, 680 (1974).   The locus is a generally rectangular

parcel[2] of land, 110,930 square feet in area. The property fronts on Earle Road, a town way leading to a public beach on Nantucket Sound. It is bounded on at least two sides by residential property. Nothing in the report of material facts indicates that other nonconforming uses exist in the vicinity of the motel.

The twenty-seven unit motel which has existed on the property since before the enactment in 1951 of the zoning by-law, which placed the property in a residential zone, consists of three buildings arranged in the shape of a U around an outdoor swimming pool, a putting green, and croquet and shuffleboard courts. These buildings are located on the southeasterly portion of the property, and the base of the U which they form faces north. In one of the three buildings is a lobby, a coffee shop and a linen room. Parking areas for motel guests are provided along the outside of the U.

Commodore seeks by way of special permit to build to the north and west of the existing motel buildings an L shaped building containing eighteen guest units and, attached to either end of this building by porches, a two-story recreation building and a building containing a swimming pool and exercise rooms[3] connected to one of the existing buildings by a tunnel. Commodore also seeks to extend another of the existing buildings by the addition of a two-car garage and to connect the existing buildings to one another by porches.

All of the proposed construction with the possible exception of one or more of the porches would violate the sixty-foot zoning setback requirement which the parties

---

[2] The parcel includes three separate lots, but the judge found that "[t]he three lots have been treated as one parcel of land and have been used in connection with the operation of the motel for many years." While it is not clear that this means all three lots have been so used since prior to the enactment of the zoning by-law, the plaintiffs have raised no issue in this regard.

[3] These three buildings will be collectively referred to hereinafter as the northwest cluster.

agree is applicable to the proposed construction[4] (see *Wrona* v. *Board of Appeals of Pittsfield*, 338 Mass. 87, 89-90 [1958]) and from which Commodore seeks a variance. The northwest cluster is to be closer than sixty feet to the northerly and westerly boundaries of the property in order to provide enough parking spaces for the motel's customers in the area between that cluster and the existing buildings. A so-called "living barrier" of trees and shrubs is to surround the existing and proposed buildings.

1. The decision of the board granting the special permit must be annulled because the Harwich zoning by-law does not allow the issuance of a special permit for the construction of nonconforming buildings additional to, and separate from, existing nonconforming buildings. The reliance by Commodore, the board, and the judge on that portion of § 4(b) of the zoning by-law which reads "[t]he [board] . . . may permit any nonconforming . . . building [to be] enlarged, if not substantially different in character or more detrimental or objectionable to the neighborhood"[5] is misplaced. Permission to enlarge a *nonconforming building* does not include the construction of a separate building in order to enlarge a *nonconforming use.* Compare *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 677-678, 680 (1968), in which similar language in G. L. c. 40A, § 5, allowing the "expansion of . . . nonconforming buildings" used primarily for agriculture, was interpreted

---

[4] "The total units erected shall not be closer than 60 feet from any property or street line or boundary." Section 3(i)2 of the Harwich zoning by-law.

[5] As the parties have not discussed the issue, we express no opinion whether this provision of the Harwich by-law as applied in the present case conforms to the requirements of the enabling statute and specifically whether an expansion of a nonconforming use of the magnitude here involved is permissible under the enabling statute. See *Wrona* v. *Board of Appeals of Pittsfield,* 338 Mass. 87, 88-89 (1958); *Vasilakis* v. *Haverhill,* 339 Mass. 97, 100 (1959); *Chilson* v. *Zoning Bd. of Appeal of Attleboro,* 344 Mass. 406, 411-414 (1962).

as not allowing the construction of a new cow barn on property occupied by a nonconforming dairy farm which included an existing barn. See *Cumberland Farms of Conn. Inc.* v. *Zoning Bd. of Appeal of No. Attleborough,* 359 Mass. 68, 73 (1971). Had Harwich intended to permit the extension of a nonconforming use through the construction of new and separate buildings, language could have been employed which would have more clearly expressed that intent. Compare *Everpure Ice Mfg. Co. Inc.* v. *Board of Appeals of Lawrence,* 324 Mass. 433, 434-435 (1949); *Wrona* v. *Board of Appeals of Pittsfield,* 338 Mass. 87, 88 (1958); *Stow* v. *Pugsley,* 349 Mass. 329, 334 (1965); *Cullen* v. *Building Inspector of No. Attleborough,* 353 Mass. 671, 674 (1968). Compare also *Cochran* v. *Roemer,* 287 Mass. 500, 507 (1934).

While it may in some instances be difficult to determine whether a particular structure is a single building or two separate buildings (see, for example, *H. W. Robinson Carpet Co.* v. *Fletcher,* 315 Mass. 350, 353 [1943]; *Olson* v. *Zoning Bd. of Appeal of Attleboro,* 324 Mass. 57 [1949]; *McLaughlin* v. *Board of Appeals of Harwich,* 359 Mass. 416 [1971]), here the facts stated by the judge clearly demonstrate (and he implicitly found) that the northwest cluster would be separate from, and not merely an enlargement of, the existing motel buildings. The only connection between the proposed northwest cluster and the existing motel buildings would be a tunnel between the enclosed pool building and one of the existing motel buildings.

Neither the board nor Commodore has brought to our attention nor have we found a provision of the zoning by-law other than § 4(b) permitting the issuance of a special permit for the construction of additional and separate nonconforming buildings.

Even if the northwest cluster could be found to be an enlargement of one of the three existing buildings as in the case of the garage, neither the board nor the judge found, as required by § 4(b) of the by-law, that any of

the existing buildings, so enlarged, would not be "substantially different in character." The board's decision was silent on this issue. The judge found only that the character of the "entity" consisting of the three existing motel buildings would not be changed by the proposed construction. But the by-law required that he find that each existing building to be enlarged not be substantially different in character. Such findings were essential before the special permit could be found valid. *Moore* v. *Cataldo,* 356 Mass. 325, 328-331 (1969). *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 294-300 (1972). *Pierce* v. *Board of Appeals of Carver, ante,* 5, 6, (1974).

2. Because the board's decision granting the special permit for new motel facilities must be annulled, it becomes unnecessary to consider the validity of the variance exempting those facilities from setback requirements and whether there was the necessary hardship "especially affecting [Commodore's] . . . parcel or . . . building[s]" to justify the variance. See *Abbott* v. *Appleton Nursing Home, Inc.* 355 Mass. 217, 220-221 (1969); *Garfield* v. *Board of Appeals of Rockport,* 356 Mass. 37, 40-41 (1969); *Johnson* v. *Board of Appeals of Wareham,* 360 Mass. 872 (1972); *City Council of Waltham* v. *Vinciullo,* 364 Mass. 624, 629-631 (1974).

The final decrees of the Superior Court are reversed. New final decrees are to be entered annulling the decisions of the board as being in excess of its authority.

*So ordered.*