PLANNING BOARD OF CAMBRIDGE *vs.* BOARD OF ZONING
APPEAL OF CAMBRIDGE & another
(and a companion case).

Middlesex.    April 18, 1979. — June 20, 1979.

Present: KEVILLE, GOODMAN, & GREANEY, JJ.

*Moot Question. Zoning,* Variance; Board of appeals: decision.

Upon appeal by a city's planning board from judgments upholding a
   decision of the city's board of zoning appeal to grant variances to
   a landowner who had entered into an agreement for the sale of its
   property conditional upon the granting of variances but who, subse-
   quent to the Superior Court judgment, conveyed the property to a
   university for a permitted use, this court ordered that the cases be
   remanded to the zoning board for reconsideration of the variances
   in light of the changed circumstances. [786-789]

CIVIL ACTIONS commenced in the Superior Court on
July 29, 1977.

The cases were heard by *Mitchell*, J.

*Douglas A. Randall (Christopher S. Pitt* with him) for
the plaintiff.

*Stephen Carr Anderson* for the defendants.

GOODMAN, J. By a decision filed July 11, 1977, the board
of zoning appeal of Cambridge (zoning board) granted
variances to the Roscoe Pound-American Trial Lawyers
Foundation (the Foundation), a non-profit organization,

---

then the owner of land and a building (property) in a zoning district limited to single and multi-family residential uses, non-profit educational and research uses, and other non-commercial uses. The zoning board's decision granted a use variance permitting the property to be used for commercial "office and research" purposes as well as bulk and dimensional variances which would allow the addition of another story to the building. A group of residents and the planning board of Cambridge (planning board) filed separate complaints in the Superior Court seeking the annulment of the zoning board's decision. The complaints were consolidated for trial, and after hearing, the trial judge made "Findings of Fact, Rulings of Law and Order for Judgment." Thereafter, on October 3, 1977, he entered separate judgments upholding the zoning board's decision. Timely notices of appeal were filed from both judgments.

The property had been occupied and used by the Foundation and its affiliate, The Association of Trial Lawyers of America; and when they decided to move to Washington, D.C., the Foundation sought to sell the property. It encountered difficulty in disposing of the property for a use permitted in the zoning district; and, after what the trial judge found to be reasonable efforts to do so, it entered into an agreement for the sale of the property to Resource Planning Associates, Inc. (RPA), a firm engaged for profit in research and consulting in environmental and natural resource problems — subject, however, to the grant of variances so that RPA could use the property and so that it could obtain a building permit to add another story to the building. The agreement set a time limit within which the variances were to be obtained free of any rights of appeal.

After the parties had filed their briefs and the appendix in this court (the two appeals were consolidated for briefing and argument), the planning board, with the assent of the defendant zoning board and all other parties except the Foundation, moved before a single justice of

this court to vacate the judgments and remand the "appeals to the Superior Court for the consideration of new evidence ... and for the entry of an appropriate judgment, in light of changed circumstances." The motion was referred to the panel assigned to hear the appeals.

From the affidavits filed in support of the motion and the counter-affidavit filed by the Foundation in opposition, it appears that on November 18, 1977, after the expiration of the time limit, as extended, within which the variances were to be obtained free of rights of appeal, RPA terminated its purchase and sale agreement with the Foundation. Subsequently, on January 25, 1978, the Foundation conveyed the property to President and Fellows of Harvard College (Harvard University); the property is being used by the department of continuing studies of Harvard University for office and classroom purposes — a permitted use in the zoning district. No reference was made in the conveyance to the variances at issue.

From the decision of the zoning board and the findings of the trial judge, it is clear that the variances were granted and sustained because RPA was the only prospective buyer and that they were tailored to its proposed use and its needs. Thus, the trial judge found that apart from the sale to RPA "there is a real likelihood that the building will go unused into the indefinite future." He also found that the public good would be served because "[u]noccupied buildings generally tend to fall into disrepair and become targets of vandalism [and because] [t]he ownership of the premises by a for-profit organization will return approximately $55,000 a year to [the] treasury of the City of Cambridge."[1] He further found that without the

---

[1] We do not in any way intimate that the zoning board or the trial judge could lawfully consider the increase in tax revenue as an element bearing on whether the variances serve the "public good" within the meaning of G. L. c. 40A, § 15, as amended through St. 1958, c. 381, and G. L. c. 40A, § 10, as appearing in St. 1975, c. 808, § 3. The Cambridge zoning ordinance reflects a choice by the city in favor of non-

addition of the third floor "the building will not be adequate for use by RPA or a similar entity."

In view of the present ownership and occupancy of the property by Harvard University, an analysis in terms of such findings based on RPA's uses and needs would be an exercise in unreality, in which it seems pointless to indulge. The new circumstances presented to us "by affidavit" call for the exercise of our "power to render any judgment and to make any order that ought to have been made upon the whole case." G. L. c. 231, § 125, as appearing in St. 1973, c. 1114, § 204. See G. L. c. 211A, § 5.

The present posture of these cases, at least with respect to the use variance, is much like that of a case in which the issue has become moot. See *Nilsson* v. *Pearson,* 301 Mass. 228, 229 (1938); *Reilly* v. *School Comm. of Boston,* 362 Mass. 689, 694-695 (1972); *Blake* v. *Massachusetts Parole Bd.,* 369 Mass. 701, 706-708 (1976). Cf. *McLaughlin* v. *Board of Appeals of Harwich,* 359 Mass. 416, 419 (1971). However, these cases are unlike the typical moot case because the status quo ante cannot be restored either by dismissing the appeals (see, e.g., *McLaughlin* v. *Board of Appeals of Harwich,* 359 Mass. at 419) or by vacating the judgments and ordering the actions dismissed (see, e.g., *Blake* v. *Massachusetts Parole Bd.,* 369 Mass. at 708), since the grant of the variances would still remain. In these circumstances it is appropriate to remand these cases to the Superior Court with direction that they be remanded to the zoning board which shall reconsider the variances in the light of the present circumstances (*Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107, 111-114 [1953]) — such reconsideration to include both the use variance and the bulk and dimensional variances since they are intertwined and it is appropriate for the

profit institutions in preference to private business, though the choice may result in diminished revenue. See *S. Volpe & Co.* v. *Board of Appeals of Wareham,* 4 Mass. App. Ct. 357, 361 (1976). See also *Worcester* v. *New England Inst. & New England Sch. of Accounting, Inc.,* 335 Mass. 486, 489 (1957).

board to decide in the first instance the extent, if any, to which they should be treated separately. The zoning board shall report its supplementary decision to the Superior Court, which shall retain jurisdiction and, after appropriate further proceedings, enter judgments upon each entire case, including the supplementary decision. Harvard University shall be permitted to become a party to the proceedings in the Superior Court and before the zoning board. *Williams* v. *Building Commr. of Boston,* 1 Mass. App. Ct. 478, 481 (1973).

The power in the Superior Court to remand to the zoning board has been exercised and affirmed in *Dowd* v. *Board of Appeals of Dover,* 5 Mass. App. Ct. 148, 152-153 (1977). See *Roberts-Haverhill Associates* v. *City Council of Haverhill,* 2 Mass. App. Ct. 715, 718-719 (1974); *M. De-Matteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 451 (1975). Our disposition in this case does not call for an exercise of power substantially different from that reflected in *Josephs* v. *Board of Appeals of Brookline,* 362 Mass. 290, 300 (1972); *Harrison* v. *Textron, Inc.,* 367 Mass. 540, 543 (1975); *Williams* v. *Building Commr. of Boston,* 1 Mass. App. Ct. at 481; and *Roberts-Haverhill Associates* v. *City Council of Haverhill,* 2 Mass. App. Ct. at 721.

Accordingly, the judgments are vacated, and the cases are remanded to the Superior Court for further proceedings in accordance with this opinion.

*So ordered.*