### STADIUM MANAGEMENT CORPORATION and NEW ENGLAND PATRIOTS FOOTBALL CLUB, INC., Plaintiffs vs. Waldo CRUICKSHANK, As he is the Building Inspector of the Town of Foxborough, Defendant

### No. 57210

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

**September 23, 1982**

R. K. Gad III, Stephen P. Lindsay, John D. Donovan, Jr., Garrett H. Spillane, Jr., counsels for plaintiff
Richard A. Gelerman, counsel for defendant

## RULINGS OF LAW, MEMORANDUM OF DECISION AND ORDER FOR JUDGMENT ON PLAINTIFF'S COMPLAINT FOR RELIEF IN THE NATURE OF MANDAMUS

### Introduction.

This action is brought by the plaintiffs, Stadium Management Corporation and New England Patriots Football Club, Incorporated, seeking an order in the nature of mandamus compelling the defendant, Waldo Cruickshank, as he is the Building Inspector of the Town of Foxborough to issue immediately a building permit for erection of a new scoreboard at Shaeffer Stadium which is situated in Foxborough. Foxboro Associates and New England Harness Raceway, Inc. Intervenors) have intervened as party defendants.

The plaintiffs claim that they are entitled to immediate issuance of the building permit as a matter of law because they secured the necessary approval pursuant to G.L. c. 40A, sec. 6[1] from the Zoning Board of Appeals for the Town of Foxborough (the Board) on September 3, 1982, and the proposed scoreboard erection is not otherwise in violation of

---

[1]The status of the stadium and consequently the applicable zoning ordinance exception provisions of G.L. c. 40A are disputed by the parties. However, it is agreed that the proposed scoreboard would be in violation of setback requirements as was the previous scoreboard.

any zoning restriction. The plaintiffs contend that G.L. c. 40A, sec. 11, relief upon by the Inspector when he denied the plaintiff's request that the building permit be issued immediately after the September 3rd approval by the Board is inapplicable to Board actions under sec. 6. The Building Inspector has refused to issue the building permit because he believes that G.L. c. sec. 11 prohibits him from issuing the permit until twenty days following the September 3rd approval granted by the Board have elapsed and there has been a certification either that no appeal from that approval has been filed or that any appeal filed has been dismissed or denied.

The Intervenors are abutters to plaintiffs' property and have intervened in this action seeking to protect their interest in their appeal from the Board's September 3rd decision to grant plaintiffs the building permit in question. Counsel for the Intervenors represented to this Court that such an appeal had been filed. The Intervenors agree with the Building Inspector's belief that G.L. c. 40A, sec. 11 prohibits issuance of the building permit pending resolution of their appeal.

For reasons set forth below, this Court agrees with the defendants that G.L. c. 40A, sec. 11 prohibits issuance of plaintiffs' building permit pending certification that the Intervenors' appeal has been denied or dismissed.

**Rulings of Law and Memorandum of Decision.**

G.L. c. 40A, sec. 11 provides that "No variance or special permit, or any extension, modification or renewal thereof shall take effect until . . . twenty days have elapsed and there is certification either that no appeal has been filed or that any appeal filed has been denied or dismissed. The purpose of this twenty-day delay period is to afford any aggrieved person an opportunity to appeal the zoning board's decision to grant the variance or special permit with an automatic stay of the grant pending appeal.

This Court disagrees with the plaintiffs' argument that because G.L. c. 40A, sec. 6

does not refer specifically either to a "variance" or to a "special permit," the sec. 11 delay period does not apply to decisions by the Board made pursuant to sec. 6. G.L. c. 40A, sec. 6 requires "a finding by the permit granting authority or by the special permit granting authority" that a proposed extension or alteration of a non-conforming use will not be "substantially more detrimental to the neighborhood" before it shall be permitted. Section 6 does not attach any label to this required finding. The defendants argue that this finding is in the nature of a variance or special permit and that sec. 11 therefore applies. This Court agrees. See **McAleer v. Board of Appeals of Barnstable,** 361 Mass. 317, 320 (1972) (section of zoning by-law permitting alterations of non-conforming buildings required issuance of a special permit and was governed by the standards applicable to the grant of special permits in general). See also, **Wrona v. Board of Appeals of Pittsfield,** 338 Mass. 87, 88, 89 (1958); Randall & Franklin, Municipal Law & Practice, sec. 612 at 480 (3d ed. 1982).

G.L. c. 40A, sec. 14 requires this interpretation. Section 14 enumerates the powers of the board of appeals which is the "permit granting authority" referred to in G.L. c. 40A, sec. 6. See G.L. c. 40A, sec. 1A. That section gives a board of appeals the authority to grant variances and special permits. It does not give a board authority to grant any third type of exception to the zoning laws, which the plaintiffs insist exists under sec. 6.

Either there is no third type of exception or the Board here does not have the authority to grant the third exception under sec. 14. The latter would bring secs. 6 and 14 into disharmony and must therefore be rejected. There is no third type of exception to which sec. 11 is inapplicable.

This interpretation is consistent with the purpose of sec. 11. There is no reason to view the interests of a party aggrieved by a decision of the Board under sec. 6 as any less worthy of protection than those of a party aggrieved by a board decision

757

under sec. 9 or sec. 10.

**Order.**

Accordingly, the request of the plaintiffs Stadium Management Corporation and New England Patriots Football Club, Inc. for an order in the nature of mandamus is ordered denied.

**Paul G. Garrity**
**Justice of the Superior Court**