HARRY C. AYSCOUGH & others[1] *vs.* TOWN OF ANDOVER & others.[2]

Essex. November 9, 1984. — December 27, 1984.

Present: GREANEY, C.J., KAPLAN, & WARNER, JJ.

*Declaratory Relief. Injunction. Moot Question.*

On appeal of an action brought by taxpayers of the town of Andover seeking declaratory and injunctive relief with respect to a public building rehabilitation project authorized by a special legislative act, St. 1982, c. 530, it was held that the action was to be dismissed as moot, inasmuch as the rehabilitation phase of the project had been completed and the issues presented were not likely to arise again. [127-128]

CIVIL ACTION commenced in the Superior Court Department on August 8, 1983.

The case was heard by *Elbert Tuttle,* J., on motions for summary judgment.

*Robert M. Schwartz* for the plaintiffs.

*George C. Caner, Jr.,* for the town of Andover & others.

*Joseph J. Hurley* for Channel Building Co., Inc., & others.

KAPLAN, J. Fourteen plaintiffs, taxpayers in the town of Andover, commenced this "ten taxable inhabitants" action (G. L. c. 40, § 53) against town defendants (the town and town officials) and private defendants (a corporation, a limited partnership, and an individual) seeking to enjoin the defendants from violating certain provisions of State law in the course of carrying out a "sale/lease back" transaction involving the rehabilitation of old town-owned buildings. Declaratory relief was also sought. The questioned conduct had been completed

---

[1] Thirteen other persons, all taxpayers in Andover.

[2] Members of the board of selectmen and the town manager of Andover, Andover Office Associates (a limited partnership), Channel Building Co., Inc., and Robert E. Webster.

by the date of the hearing of this appeal. Injunctive or declaratory relief, even if warranted, were the conduct prospective or current, would now be inapposite. Accordingly the appeal will be dismissed as moot.

After study, Andover through regular procedures decided to use the sale/lease back contractual medium in order to accomplish the rehabilitation of the east and west wings of the East Union Junior High School. This required enabling legislation since the plan might otherwise offend against certain statutes circumscribing municipal powers. At Andover's request the Legislature passed a special act, St. 1982, c. 530, effective December 15, 1982, directed specifically to the plan for the Andover school buildings and lifting the statutory restrictions set out in G. L. c. 40, § 4 (power to contract), § 15 (abandonment of land), § 15A (transfer of land), and in c. 44, § 31 (incurring liability in excess of appropriations). On January 3, 1983, Andover contracted on a preliminary basis and on July 19, 1983, entered final agreements with Andover Office Associates (AOA) by which — in broad outline — Andover deeded the buildings to AOA (with reverter in forty years) and gave a ground lease of the land to AOA (running for forty years), with AOA leasing back the land and the buildings, as agreed to be renovated, to Andover for fifteen years with certain options to a limit of forty years. AOA contracted with Channel Building Co., Inc., for the latter to carry out the work. We pass over the details of the dollar amounts involved in the construction, rent payments, etc. By reason of the provisions of the Economic Recovery Tax Act of 1981, P.L. 97-34, 95 Stat. 176 (see 26 U.S.C. §§ 46-48 [1982]), the sale/lease back arrangement was expected to result in tax advantages to AOA which would be passed on to Andover in substantial measure: the expected "saving" to Andover through the "privatization" of the project, calculated in comparison with the costs of a project in the more conventional style, was estimated to be about $500,000. Work looking toward rehabilitation began in January 1983.

The present plaintiffs brought their action on August 8, 1983, and charged violations by the defendants of G. L. c. 149,

in that AOA was selected for the project by negotiation rather than through competitive bids (see §§ 44A-44I) and the wages paid on the construction job were less than prevailing wages (§§ 26-27). The defendants took the position, in effect, that the c. 149 provisions were irrelevant: the restrictions, they said, applied to the customary cases of municipal contracts for construction but did not touch the situation of a bona fide sale of structures by a municipality to a private purchaser which then, as owner, accomplished a rehabilitation. They added that, if the provisions of G. L. c. 149 applied by their terms, they would be overridden by § 1 of the enabling statute, St. 1982, c. 530, which, after exempting the Andover project from the named statutes, added a general clause referring to "any other general or special law." The plaintiffs replied that the general clause should be read as cognate to the clause enumerating particular statutes and that it no more negated the competitive bid or prevailing wage sections of c. 149 than it did the statutes providing safety standards or the like; and, further, that c. 149 should be held to apply on a literal reading of its terms, or, beyond literalism, because construction even under a sale/lease back arrangement was within its basic intent.

A judge of the Superior Court by order of August 22, 1983, denied the plaintiffs' application for a preliminary injunction, and their petition for relief from that order was denied by a single justice of this court on September 6, 1983. Upon the defendants' motion for summary judgment, based on the incontrovertible facts, a judge of the Superior Court entered judgments on the merits for the defendants on October 31, 1983, and December 6, 1983, and it is these judgments that are here on review.

The plaintiffs have taken an unhurried course in bringing on the present appeal. It was heard in this court at a time when the rehabilitation phase of the project could be taken to have been completed. Injunctive relief at this stage would act upon a vacuum. See *Reilly* v. *School Comm. of Boston,* 362 Mass. 689, 694-695 (1972); *Lowry* v. *Secretary of the Commonwealth,* 372 Mass. 867 (1977); *Planning Bd. of Cambridge* v. *Board of Zoning Appeals of Cambridge,* 7 Mass. App. Ct.

785, 788-789 (1979). A declaration would address itself to a "stale record," see *Bettigole* v. *City Council of Springfield,* 1 Mass. App. Ct. 816, 817 (1973), not an "actual controversy." See G. L. c. 231A, § 1; *Commissioner of Correction* v. *Ferguson,* 383 Mass. 651, 653 (1981). There might be some value in a decision on the merits if the situation tended to replicate itself. Compare *Karchmar* v. *Worcester,* 364 Mass. 124, 136 (1973); *Department of Youth Services* v. *A Juvenile,* 384 Mass. 784, 787-788 (1981). But on that score it appears that, when Andover went to the Legislature for enabling legislation covering the rehabilitation of a local library on a sale/lease back plan, the special act dealt expressly with the question of competitive bidding (see St. 1983, c. 638); and it may be expected that the Legislature will hereafter, in any appropriate case, put such questions beyond the doubts that precipitate litigation. On the larger scene, the Federal legislation of 1981 offering the tax benefits for rehabilitation of old buildings has suffered change by the Deficit Reduction Act of 1984, P.L. 98-369, 98 Stat. 510 et seq., amending 26 U.S.C. §§ 46-48 (1982) and adding § 168(j); thus the probability has been reduced that like questions will arise for decision. If such questions should come up, there is no reason to suppose they will fail of an answer if litigation is "promptly commenced and diligently pursued." *Tra-Jo Corp.* v. *Town Clerk of Methuen,* 366 Mass. 846 (1974).

We express no opinion on the merits. To assure that the plaintiffs shall be free of any collateral estoppel consequences of the judgments appealed from, we follow the established practice on moot appeals of vacating the judgments with notation that decision is not on the merits, and remanding the action to the Superior Court with directions to dismiss it. See *Reilly,* 362 Mass. at 696. Costs will not be taxed to either party.

*So ordered.*