NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-275

CASLEY BAILEY

vs.

BOSTON FIRE DEPARTMENT.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Casley Bailey, filed a complaint in the Superior Court against the defendant Boston Fire Department (department) seeking to stay the department's ongoing disciplinary action against him.  He accompanied the complaint with an emergency motion for a preliminary injunction to stay the disciplinary proceedings.

Meanwhile, the same day the plaintiff filed his complaint, the department announced its final decision and discharged him from service as a firefighter.  In opposition to the preliminary injunction, the department argued that the request should be dismissed as moot and also for failure to exhaust administrative remedies.  After a hearing, a Superior Court judge denied

injunctive relief on the ground that the plaintiff "must first exhaust his administrative remedies before coming to Court." Shortly thereafter the judge dismissed the complaint because the only relief the plaintiff sought -- the stay of the disciplinary procedures -- had been denied.

The plaintiff appeals from the dismissal of his complaint. He asserts that the physician who examined him in connection with his claimed work-related injury forged a medical release; that the department chief who oversaw the disciplinary action was biased against him; that his union colluded with the department and failed to provide adequate representation, "rendering administrative remedies futile"; that the judge failed to consider his claim of irreparable harm, particularly the loss of health insurance for his family; and, finally, that he was disciplined more severely than similarly situated firefighters.

Notwithstanding these claims of "fraudulent evidence, procedural misconduct, and labor law violations," we conclude that the judge did not abuse his discretion in denying the injunction and dismissing the complaint for failure to exhaust available remedies. We also note that the complaint could properly have been dismissed as moot. See Gabbidon v. King, 414 Mass. 685, 686 (1993) (appellate court may affirm result reached in trial court on any ground apparent on record).

The complaint was moot -- as is the current appeal -- because the only relief the plaintiff sought was the stay of the disciplinary proceedings against him, and those proceedings were completed the day the complaint was filed. As such, nothing remained to be stayed. "A moot case is one where a court can order no further effective relief" (quotation and citation omitted). Branch v. Commonwealth Employment Relations Bd., 481 Mass. 810, 817 (2019), cert. denied, 589 U.S. 1133 (2020). Staying the already completed proceedings would have had no effect. See Ayscough v. Andover, 19 Mass. App. Ct. 125, 127 (1984) ("Injunctive relief at this stage would act upon a vacuum").

Moreover, at the time the preliminary injunction was denied and the case was dismissed, the plaintiff had not yet availed himself of the remedies available to him under the civil service statute, G. L. c. 31, §§ 41-45. The plaintiff was a tenured civil servant entitled to the protection of the statute.[1] Documents in the plaintiff's record appendix show that within one month of the dismissal of his complaint he was actively challenging his termination in proceedings before the Civil Service Commission (commission).

---

[1] A Civil Service Commission decision included in the record appendix shows that he had successfully challenged certain disciplinary actions taken against him in the past.

3

The exhaustion doctrine "is a sound principle of law and jurisprudence aimed at preserving the integrity of both the administrative and judicial processes." Assuncao's Case, 372 Mass. 6, 8 (1977). "[A]llowing the administrative process to run its course before permitting full appellate review gives the administrative agency in question a full and fair opportunity to apply its expertise to the statutory scheme which, by law, it has the primary responsibility of enforcing." Id. at 8-9.[2] Almost all of the plaintiff's claims on appeal can be effectively addressed by the commission. For example, the plaintiff's claim of disparate treatment is precisely the kind of claim that the commission has the responsibility and expertise to decide. See Falmouth v. Civil Serv. Comm'n, 447 Mass. 814, 823-824 (2006) (commission charged with authority to review and amend penalties for purpose of promoting equitable treatment of similarly situated employees). Likewise, his claims of a forged document, a biased presiding officer, and

---

[2] Technically, if proceedings before the commission had not yet commenced at the time the injunction was denied, the doctrine of primary jurisdiction would have applied, whereas once the proceedings before the commission began, the exhaustion doctrine controlled. See Lumbermens Mut. Cas. Co. v. Workers' Compensation Trust Fund, 88 Mass. App. Ct. 183, 187 (2015) (explaining differences between doctrines). In any case, the rationale underlying both doctrines -- maintaining the proper relationship between administrative agencies and the courts -- is the same. See Murphy v. Administrator of the Div. of Personnel Admin., 377 Mass. 217, 221 (1979).

4

collusion can be litigated and remedied in commission proceedings.  See id. at 823 (commission "required to conduct a de novo hearing for the purpose of finding facts anew").

To obtain a preliminary injunction, the plaintiff was required to show (1) a likelihood of success on the merits; (2) irreparable harm; (3) that, in light of his likelihood of success, the risk of harm to him outweighed the risk of harm to the defendant should the injunction be granted; and (4) that an injunction would promote, or at least not adversely affect, the public interest.  See Boston Firefighters Union, Local 718, Int'l Ass'n of Fire Fighters, AFL-CIO v. Boston, 491 Mass. 556, 562-563 (2023).  The plaintiff's claim of irreparable harm -- the harm from loss of employment -- is generally not sufficient to obtain an injunction.  See id. at 569.  In any event, because the plaintiff had no likelihood of success on the merits, the judge could properly deny injunctive relief without considering irreparable harm or the other factors.  See Boston

Police Patrolmen's Ass'n, Inc. v. Police Dep't of Boston, 446 Mass. 46, 53 & n.5 (2006).

Judgment affirmed.

By the Court (Massing,
Sacks & Allen, JJ.[3]),

*Paul Little*

Clerk

Entered:  January 5, 2026.

---

[3] The panelists are listed in order of seniority.