EARL H. ZINCK & others *vs.* ZONING BOARD OF APPEALS OF FRAMINGHAM & another.

Middlesex.   December 5, 1962. — February 5, 1963.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning,* Variance.

In a suit in equity under G. L. c. 40A, § 21, by way of appeal from a decision of a zoning board of appeals granting a variance under § 15 (3) to permit the construction of a shopping center in a residence district in which permitted garden apartments had been constructed, a decree annulling the board's decision as in excess of its authority was required where it made no finding of hardship "owing to conditions especially affecting" the land as to which the variance was sought and the judge found that that land was similar in nature to the land used for the garden apartments.

BILL IN EQUITY filed in the Superior Court on October 2, 1961.

The suit was heard by *Gourdin,* J.

*Sidney S. von Loesecke (Joseph L. Shea* with him) for the plaintiffs.

*B. Robert Levin,* for the defendant R & S Construction Co., submitted a brief.

KIRK, J.   This is a bill in equity under G. L. c. 40A, § 21, by way of an appeal from a decision of the board of appeals of the town of Framingham granting a variance to permit the construction of a nine store shopping center in a residence district where garden apartments were permitted un-

der the zoning by-laws of the town.   In the Superior Court, a decree was entered that the board of appeals had not exceeded its authority.   An appeal from the decree brings the case to us.

The defendant R & S Construction Co. (R & S) had built garden apartments to accommodate 350 tenants in the district concerned.   R & S thereafter applied for a permit from the building inspector to construct the shopping center.   The application was denied.   R & S then purported to "appeal"[1] to the board of appeals.   The board of appeals treated the "appeal" as a petition for a variance.   Without intimating approval of this informal procedure, we consider the case on its merits.

The decree must be reversed.   The decision of the board contains no finding to satisfy the requirement of G. L. c. 40A, § 15, that "owing to conditions especially affecting . . . [the locus] but not affecting generally the zoning district in which it is located, a literal enforcement of the provisions of the . . . by-law would involve substantial hardship, financial or otherwise to" R & S.   For this reason, as repeatedly stated, the decision cannot stand on appeal. *Barnhart* v. *Board of Appeals of Scituate,* 343 Mass. 455, 456–457, and cases cited.   *Coolidge* v. *Zoning Board of Appeals of Framingham,* 343 Mass. 742, 744–745.

Nor do the findings of the judge avail R & S.   On the contrary, they vitiate the decree.   The judge found in summary that the remaining land upon which R & S proposes to erect the nine store shopping center is similar in nature to that already used for the recently erected garden apartments.   See *DiRico* v. *Board of Appeals of Quincy,* 341 Mass. 607, 610.

The final decree is reversed and a decree is to be entered that the decision of the board of appeals of the town of Framingham was in excess of its authority and is annulled.

*So ordered.*

---

[1] The plaintiffs contend that R & S failed to comply with the provisions of G. L. c. 40A, § 16, inserted by St. 1954, c. 368, § 2, in that R & S did not file "with the board of appeals a notice of appeal specifying the grounds thereof . . .."