ALBERT J. ROUSSEAU, JR. *vs.* BUILDING INSPECTOR OF
FRAMINGHAM & others
(and a companion case[1]).

Middlesex.   December 11, 1964. — April 21, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Zoning,* Amendment of by-law or ordinance; Spot zoning; Board of appeals: notice of hearing. *Notice.*

A report, submitted by a planning board to a town meeting asking it to "refer . . . back" to the board "for further study" an article in the warrant proposing to amend the zoning by-law by changing a parcel of land from a residence district to a business district because the board

---

[1] Albert J. Rousseau, Jr. & others *vs.* Board of Appeals of Framingham & others.   The other defendants are Anna Shulman, Carmen Surro and Laura Surro, applicants for a permit to construct a gasoline service station within the locus and interveners Francis L. and Ann M. Lamagna who in 1960 acquired and in 1961 remodeled the first floor of a dwelling for use as a restaurant with parking space available on an adjoining lot.

was undertaking a general study of the entire area and "it would be inconsistent to make recommendations on any zoning changes at this time prior to completion of the study," was a report with a recommendation of negative action on the proposal, so that the amendment, adopted at the town meeting, was not invalid for lack of the "final report with recommendations" required by G. L. c. 40A, § 6.   [34]

A certain amendment of a town's zoning by-law, changing from a residence district to a business district a small triangular area which was based on a street bearing heavy traffic, was adjacent on one side to land zoned for industry and on the other side to land zoned for residences, and was located across the street from a shopping center in a business district and near business buildings in the industrial district, was of fairly debatable reasonableness and was not invalid as spot zoning. [35]

In G. L. c. 40A, § 17, providing that the first newspaper publication of a notice of a hearing by a zoning board of appeals shall be "not less than fourteen days before the day of the hearing," the fourteen day requirement is inapplicable to the "notice by mail" which also must be sent.   [36]

Reasonable notice of a hearing to be held by a zoning board of appeals under G. L. c. 40A, § 17, must be given to "the owners of all property deemed by the board to be affected."   [36–37]

An owner of property in the vicinity of a certain parcel of land did not receive reasonable notice of a hearing to be held by the zoning board of appeals under G. L. c. 40A, § 17, upon a matter pertaining to that parcel where it appeared that the property owner received on a Friday a letter postmarked 12:30 P.M. that day notifying him that the hearing by the board would be held on the following Tuesday evening, and that he appeared at the hearing, held as scheduled, and objected that he had not been afforded "a reasonable opportunity to prepare and present evidence and argument," and it did not appear that he had had actual knowledge of the hearing a reasonable time prior thereto; and action taken by the board in the matter so heard exceeded its authority and must be annulled.   [37]

PETITION for a writ of mandamus filed in the Superior Court on August 29, 1963.

BILL IN EQUITY filed in the Superior Court on August 8, 1963.

The cases were heard together by *Gourdin, J.*

*Edward M. Dangel (Dewey C. Kadra* with him) for Albert J. Rousseau, Jr., & others.

*Morris Shapiro* for Anna Shulman & others (*Joseph H. Lewis,* Town Counsel, for the Building Inspector of Framingham & another, *& Robert A. Belmonte,* for the Board of Appeals of Framingham, with him).

KIRK, J.   We are called upon to review two cases which were tried together in the Superior Court.   The first is a petition for a writ of mandamus to compel the building inspector of the town of Framingham (the town) to enforce, as applied to the locus, the zoning by-law of the town as it existed prior to an amendment adopted in 1958.   The second is an appeal under G. L. c. 40A, § 21, from a decision of the board of appeals granting to owners of property within the locus a permit to construct a gasoline service station.   The judge dismissed the petition for mandamus. He entered a decree upholding the board's decision granting the permit.   An appeal in each case brings the cases to us.

The appellants in both cases are owners of property in the vicinity of the locus, which is in that section of the town known as Saxonville.   Very roughly described, the locus may be said to be a triangular area, bounded on the south by the northerly side of School Street (part of a numbered route on which there is heavy traffic), bounded on the northwest by Cochituate Brook, which runs an irregular course and flows under School Street, and bounded on the northeast by a line, drawn southeasterly from a point on Cochituate Brook approximately 300 feet from the place it runs under School Street, at an angle of forty-five degrees, to its intersection with School Street.   The land across from the locus on School Street is in a business district and is occupied by a shopping center.   The land west of Cochituate Brook along School Street is an industrial district. In the latter district, commencing immediately to the west of the locus, are, respectively, a restaurant, a parking lot, and a barber shop and office.   To the north and northeast of the locus is a single residence district.   The only building structure immediately adjacent to the locus is a recently built church on a hill to the east on School Street.

We consider first the petition for the writ of mandamus, brought by Rousseau on August 29, 1963.   Other parties were permitted to intervene as parties respondent.[2]   At

_____

[2] See footnote 1.

issue in the mandamus case is the validity of an amendment to the zoning by-law adopted in 1958. We state the circumstances preceding and attending the adoption of that amendment. The locus had been zoned for residential use since the original zoning by-law was adopted by the town in 1939. The planning board, in early March and prior to the 1958 amendment, conducted hearings on a proposed zoning amendment whereby the locus would become a business district. At the town meeting on March 14, 1958, the planning board reported as follows: "Article 73. At a meeting held on March 6, 1958, the members of the Planning Board voted unanimously to ask the Town Meeting to refer this article back to the Planning Board for further study because of the fact that the Planning Board is undertaking a general study of the entire Saxonville area and the members of the Board feel that it would be inconsistent to make recommendations on any zoning changes at this time prior to the completion of the study." With the above recommendation before it, the town, at the March 14 meeting, voted to rezone the locus as a business district.

Rousseau contends that the zoning by-law amendment of March 14, 1958, was invalid because there was no final report of the planning board as required under G. L. c. 40A, § 6. A similar contention was raised in *Caputo* v. *Board of Appeals of Somerville,* 330 Mass. 107. The report of the planning board set out in the *Caputo* case recited that a comprehensive review of the city's zoning was in progress and therefore that the board "considers it inadvisable to recommend a spot zone change at this time. Such a recommendation by the planning board, if made now, would make extremely difficult the duty of this board to review fairly the zoning of the city as a whole." 330 Mass. at 110. The court held that the report constituted a final report with negative recommendations. The report in the *Caputo* case differs in no important respect from the report in the case before us. The report in the instant case was therefore a final report with negative recommendations within G. L. c. 40A, § 6.

Rousseau also contends that the by-law amendment was invalid because it effected spot zoning. We have recently set out the controlling principles involved in reviewing zoning so challenged (*Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 228–230) and need not repeat them here. Our description of the locus and the surrounding properties leads us to the conclusion that the reasonableness of the 1958 amendment was fairly debatable. When this is so, much weight must be given to the decision of the town, and every presumption is to be made in favor of the validity of the by-law. *Caires* v. *Building Commr. of Hingham,* 323 Mass. 589, 594. *Raymond* v. *Commissioner of Pub. Works of Lowell,* 333 Mass. 410, 414. *Lanner* v. *Board of Appeal of Tewksbury,* 348 Mass. 220, 228. It has not been shown that the amendment singled out the locus for less onerous restrictions than those imposed on neighboring land whose characteristics are the same as those of the locus for the purpose of conferring an economic benefit on the owners of the rezoned land. Accordingly, it is our opinion that the amendment is valid. We need not consider whether the intervening change in the character of the locus — the construction of the restaurant subsequent to the zoning change but prior to this petition for mandamus — would itself bar relief. See *Cohen* v. *Lynn,* 333 Mass. 699, 705.

The judge was right in dismissing the petition for the writ of mandamus.

We now turn to consideration of the appeal wherein the board granted the permit, earlier denied by the building inspector, for the construction of a gasoline service station within the locus. The applicants for the permit were Anna Shulman and Carmen and Laura Surro (the applicants) who are owners of three adjoining parcels of land on School Street in the newly created business district. The application, filed on May 31, 1963, was for the construction of one service station on the three parcels of land. When the permit was denied by the building inspector the applicants appealed to the board. Notice of a hearing on the matter, to

be held on June 18, 1963, was published in the Framingham News on June 4, 1963, and June 11, 1963. An envelope enclosing an undated typewritten letter was sent by mail to Rousseau notifying him of the time and place of the hearing. It was postmarked 12:30 p.m., Friday, June 14, 1963. It was received by him later the same day. The hearing was held, as scheduled, on Tuesday evening, June 18, 1963. Rousseau appeared at the meeting personally. Through his attorney, he objected to the sufficiency of the notice. The objections were filed in writing at the meeting and were directed specifically to the fact that he was not afforded "a reasonable opportunity to prepare and present evidence and argument."

The town zoning by-law provides that the board of appeals may permit construction of a retail gasoline service station in a business district upon a written petition "a hearing of which fourteen days' public notice shall have been given by advertisement in the local newspaper and notice mailed to the last known addresses of the owners of all property deemed to be affected thereby."[3] This procedure is in accordance with that authorized by G. L. c. 40A, § 17.[4]

If the Legislature had intended that the fourteen day requirement for notice by publication apply also to notice by mail, it would have done so explicitly. Holding, as we do, that it does not so apply, we nevertheless think that the persons who by definition ("owners of all property deemed . . . to be affected thereby") are the most interested in the proposed action must have reasonable notice of the hearings thereon. "[The design of the zoning laws] is to stabilize property uses in the specified districts in the inter-

---

[3] Town of Framingham Zoning By-Laws, Part VIII, § A; Part III, § A, 4, c.   G. L. c. 40A, §§ 4, 15.

[4] "The board of appeals shall fix a reasonable time for the hearing of any appeal or other matter referred to it . . . and shall cause the notice . . . of such hearing . . . to be published in a newspaper of general circulation in the city or town once in each of two successive weeks, the first publication to be not less than fourteen days before the day of the hearing . . ., and also send notice by mail, postage prepaid, to the petitioner and to the owners of all property deemed by the board to be affected thereby . . . ."

Rousseau *v.* Building Inspector of Framingham.

ests of the public health and safety and the general welfare, and not to permit changes, exceptions or relaxations except after such full notice as shall enable all those interested to know what is projected and to have opportunity to protest, and as shall insure fair presentation and consideration of all aspects of the proposed modification." *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 104.

What constitutes reasonable notice depends upon the facts and circumstances of each case. We need not decide whether failure to give reasonable notice by mail would be considered not prejudicial when the property owner has actual knowledge of the hearing at a reasonable time prior to its being held. There is no evidence of such knowledge in the case before us. We think the mail notice to Rousseau did not give him an opportunity to prepare his opposition to the proposed action and, therefore, was not reasonable and did not satisfy the requirements of the statute or the by-law. Cf. *Burlington* v. *Dunn,* 318 Mass. 216, 217–218.

Since there was no adequate notice of the hearing on the permit, the action taken by the board in granting the permit was invalid and without effect. *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston,* 268 Mass. 416, 418. See *Prusik* v. *Board of Appeal of Boston,* 262 Mass. 451; *Co-Ray Realty Co. Inc.* v. *Board of Zoning Adjustment of Boston,* 328 Mass. 103, 107.

The order dismissing the petition for a writ of mandamus is affirmed. The decree upholding the decision of the board granting the permit is reversed. A decree is to be entered that the decision of the board exceeded its authority and is annulled.

*So ordered.*