PLANNING BOARD OF PEABODY *vs.* BOARD OF APPEALS
OF PEABODY & others.

Essex.    March 6, 1970. — July 2, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Zoning,* Board of appeals: notice of hearing, jurisdiction. *Notice.*

The board of appeals of a city had no jurisdiction to consider an application for a special permit under its zoning ordinance where the board had not sent the notice of the public hearing as required by G. L. c. 40A, § 17, as appearing in St. 1962, c. 201, § 2, even though the attorney for the applicant had mailed notice of the hearing to abutting owners and to the planning board, and favorable action on the application by the board of appeals was in excess of its authority and must be annulled.

BILL IN EQUITY filed in the Superior Court on August 17, 1967.

The suit was heard by *Macaulay,* J.

*Israel Bloch* for the plaintiff.

KIRK, J.    The planning board of Peabody brought this bill in equity by way of an appeal under G. L. c. 40A, § 21, from a decision of the board of appeals of Peabody granting a special permit to one Trager "to remove fill and gravel from the area known as Page's Hill" in Peabody. The case is before us on the appeal of the planning board from a final decree in the Superior Court that the decision of the board of appeals was not in excess of its authority and that no modification of the decision was required. The appeal is accompanied by the exhibits and portions of the transcript.

The planning board contends, contrary to the conclusions of the judge, that the board of appeals lacked jurisdiction to consider the petition because the board of appeals failed to give proper notice of the proposed hearing; that the board of appeals failed to make "a detailed record of its proceed-

ings, showing the vote of each member," as required by G. L. c. 40A, § 18; and that the conditions attached to the permit are either unlawful or fail to satisfy the requirements of the zoning ordinance.

Page's Hill occupies the northern one-third of a 29.142 acre tract of undeveloped land bounded on the northwest by Route 128 and on its northeast corner by Forest and Summit streets. Forest Street intersects Route 128. Page's Hill fronts on Forest Street, and rises southwesterly over a distance of approximately 1,000 feet to a height of approximately 105 feet above the level of Forest Street. The slope falls off in a' southerly direction, and the remainder of the tract is "comparatively level," although there are numerous large boulders and outcroppings of hard rock, and is on approximately the same level as Forest Street. The area in which the land lies was reclassified in 1967 as an Industry "A-2" district in order to stimulate industrial development. The uses permitted in the district are limited to specific light manufacturing, processing and assembling plants, general office buildings, banks, any municipal use, and limited accessory uses incidental to the enumerated uses.

On May 4, 1967, shortly after the adoption of the zoning amendment which reclassified the Page's Hill land, Trager, representing the owners of the land, filed a petition with the board of appeals for a special permit "to build a road into the rear of . . . [the] property and level same in preparation for a company, or companies, desiring to locate for light industry."[1] A plan later submitted to the board of appeals showed a proposed road entering the land from Forest Street and proceeding southwesterly across Page's Hill.

1. The judge found that the board of appeals fulfilled

---

[1] Section 16(d) of the city zoning ordinance provides: "In all districts the removal of sod, loam, clay, sand, gravel, or quarried stone, except when incidental to and in connection with the construction of a building for which a building permit has been issued shall be subject to the provisions of Section 19 [which requires a special permit from the board of appeals]. The Board of Appeals shall, in each instance, impose such conditions as will protect the neighborhood and the city against permanent and temporary hazards or injury to the amenities because of conditions which may be left after operations are completed, or because of the methods of handling such material at the site, or of transporting such material through the city. . . ."

all the requirements of G. L. c. 40A, § 17, in giving notice of the proposed hearing on the petition. The evidence showed that the board of appeals caused notice to be published which gave the date for the proposed hearing and stated that Trager's petition was "for a special permit, to remove fill and gravel from an area known as Pages [*sic*] Hill on the corner of Forest and Summit Sts., so as to build a road into the rear of his property." A member of the board of appeals obtained the names of abutting property owners from the local tax list. He furnished the names to Trager's attorney, who mailed notice of the hearing to the property owners and to the planning board. The members of the board of appeals themselves mailed no notice to affected property owners. There was no evidence of the form of the notice mailed by Trager's attorney, or of the fact of receipt.

The notice given by the board of appeals was not sufficient to give that body jurisdiction to consider the petition. General Laws c. 40A, § 4, requires, for hearings on applications for special permits to be granted pursuant thereto, the notice called for by c. 40A, § 17. Section 17, as appearing in St. 1962, c. 201, § 2, requires that the board publish notice in a newspaper, "and also send notice by mail, postage prepaid, to the petitioner and to the owners of all property deemed by the board to be affected thereby, as they appear on the most recent local tax list, and to the planning board of such city or town." The notice to affected property owners and to the planning board must be mailed by the board of appeals. The board cannot delegate that duty to the petitioner or his attorney. *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 102–103 (construing former § 27A of G. L. c. 40). Since the notice did not meet the standards of § 17, the board's action in granting the permit was invalid and of no effect. *Rousseau* v. *Building Inspector of Framingham,* 349 Mass. 31, 37, and cases cited. *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 414.

2. Because of this jurisdictional defect, the other issues raised by the planning board are not before this court. *Gallagher* v. *Board of Appeals of Falmouth, supra,* at 415.

3. The final decree is to be reversed and a new final decree is to be entered that the decision of the board of appeals of the city of Peabody was in excess of its authority and annulled.

*So ordered.*