DAVID J. PELLETIER & another *vs.* BOARD OF APPEALS OF LEOMINSTER & others (and a companion case).

Worcester.    January 16, 1976. — February 4, 1976.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Zoning,* Variance; Board of appeals: appeal to board, decision, jurisdiction. *Jurisdiction, Civil,* Appeal from decision of board of appeals.

Where an owner of a plastics factory applied to a zoning board of appeals for a variance to build storage silos after the building inspector had denied it a permit and the board determined that the silos were a permitted use, the board's decision was not a decision in an appeal under G. L. c. 40A, § 13; abutters who appealed a subsequent decision of the board to issue the building permit for the silos did not forfeit any rights to object to the issuance of the permit by fail-

ing to take a timely appeal from the board's earlier decision. [61-62]

A decision of a zoning board of appeals was invalid where the board failed to comply with the procedural requirements set out in G. L. c. 40A, §§ 16, 17, and 18. [62-63]

BILL IN EQUITY filed in the Superior Court on December 10, 1973.

PETITION for a writ of mandamus filed in the Superior Court on December 10, 1973.

The cases were heard by *Tisdale,* J.

*Willard Ide Shattuck, Jr.* (*Willard Ide Shattuck, III,* with him) for the plaintiffs.

ARMSTRONG, J. The plaintiffs appeal from judgments dismissing two actions brought by them, one being a zoning appeal under G. L. c. 40A, § 21, and the other being a petition for a writ of mandamus. The cases were heard solely on a statement of agreed facts, from which we may draw proper inferences without regard to those drawn by the trial judge. *General Heat & Appliance Co.* v. *Goodwin,* 316 Mass. 3, 8 (1944).

On June 25, 1973, the owner of a plastics manufacturing plant in Leominster (the locus) applied to the building inspector for a permit to build on the locus three metal silos, to be used to store plastic pellets which are the raw material for the manufacturing process. Each silo was to be connected by suction hoses to the machinery within the plant. The building inspector denied the permit on two grounds, one of which was that plastics manufacture was not a permitted use in the commercial zone where the locus lay, and that the plastics factory, as a nonconforming use predating the Leominster zoning ordinance, had already exhausted the maximum one hundred per cent expansion allowed nonconforming uses by the ordinance.

On July 17, 1973, the owner filed with the board of appeals an application for a variance to enable the silos to be built. A public hearing was held on August 15, 1973, at which was received a letter from the planning board recommending denial of the application on the ground that

"there appeared to be no condition specific to the lot which constitute[s] a hardship." On September 17, 1973, the board of appeals rendered a decision, which stated that it had requested a ruling from the city solicitor, that on the basis of that ruling it had determined that the proposed silos, being for the purpose of storage of materials, were a permitted use in the commercial zone,[1] that the owner, "as a matter of right, is entitled to installation and use of the storage silos," and that "a building permit for the proposed silos should be issued." Notices of the decision stated, "Board action not required per City Solicitor ruling," and advised the reader of rights of, and times for, appeal from the board's decision under the provisions of G. L. c. 40A, § 21. No appeal was taken by any person from that decision.

On November 17, 1973, the owner again applied to the building inspector for a permit to build the silos; the building inspector again refused. The owner then applied to the board for issuance of the permit. The application was assigned the same case number as the earlier proceeding, and without prior notice, publication or hearing, the board voted to approve the application and issue the permit. Written notification of that action was filed with the city clerk on November 23, 1973, and the permit was "issued as of November 19, 1973."

On December 10, 1973, the plaintiffs, who are abutters objecting to the construction of the silos, filed the present (1) appeal from the decision of the board and the issuance of the permit and (2) petition for a writ of mandamus against the building inspector to require the latter to en-

---

[1] A portion of the zoning ordinance (as it appears in the appendix) reads: "Section IV. Permitted uses ... H. Commercial Districts ... In all portions of the City indicated on the accompanying zoning maps as commercial districts ... 2. The following uses of the land, buildings and structures are permitted ... j. Outdoor storage, provided: 1. It is incidental to one of the uses permitted in Commercial Districts. 2. It is adequately fenced screened, from the street and adjacent properties. k. Wholesale, sale, storage and warehousing shall be permitted, including the wholesale, sale or storage of food, fodder, fuel and building materials. l. Storage, preparation and sale, at either wholesale or retail of food and drink of all varieties."

force the provisions of the zoning ordinance against the owner, who had begun construction in reliance on the allegedly unlawful permit. The trial judge concluded that the action of the board on the application for issuance of the permit was merely an implementation of its decision of September 17, 1973, and was not itself an appealable decision; that the plaintiffs forfeited any rights they might have had to object to the issuance of the permit by failing to take a timely appeal from the September 17 decision; that the issuance of the permit by the board, following the refusal of the building inspector to do so, was authorized by G. L. c. 40A, §§ 15 and 19; and that the mandamus petition must be dismissed as an attempt to enforce rights lost by the failure of the plaintiffs to pursue their appeal.

Proceeding from a different construction of the September 17, 1973, decision, and the application on which it was based, we reach conclusions at variance with those reached by the trial judge. The application contained several paragraphs, each describing a different type of request which might be brought before the board, with an instruction, "Mark with an X the above paragraph under which the applicant proposes to bring the matter to the attention of the Appeal Board." The paragraph which indicated that the applicant was seeking a variance was marked with an X. Left unmarked was another paragraph, which stated: "Appeal is hereby made from the decision of the Building Inspector refusing a building permit, the applicant contending that the proposed construction ... is in conformity with the provisions of the ... Zoning Ordinance." It is clear, therefore, that from the outset the matter originally pending before the board was not an appeal from the decision of the building inspector, as would have been authorized by G. L. c. 40A, § 13, but was an application for a variance as authorized by G. L. c. 40A, § 15(3). The board's decision may not now be treated as if it were a decision in an appeal under § 13. *Simeone Stone Corp.* v. *Board of Appeals of Bourne,* 345 Mass. 188, 189, 192 (1962). *Chater* v. *Board of Appeals of Milton,* 348 Mass. 237, 241-242 (1964). *Vassalotti* v. *Board of Appeals of*

*Sudbury*, 348 Mass. 658, 661-662 (1965). See also *Publico* v. *Building Inspector of Quincy*, 336 Mass. 152, 155 (1957). Contrast *Dion* v. *Board of Appeals of Waltham*, 344 Mass. 547, 553-554 (1962). The board's decision must be confined to the matter pending before the board and cannot validly determine matters not pending before the board. *Garelick* v. *Board of Appeals of Franklin*, 350 Mass. 289, 292-293 (1966). See also *MacGibbon* v. *Board of Appeals of Duxbury*, 347 Mass. 690, 691-692 (1964). Compare *Zinck* v. *Zoning Bd. of Appeals of Framingham*, 345 Mass. 394, 395 (1963), and *Shoppers World, Inc.* v. *Beacon Terrace Realty, Inc.*, 353 Mass. 63, 68-69 (1967). The board's decision, whether treated as a denial of the application or as a notice that no action would be taken on the application because a variance was unnecessary, did not relieve the owner of the necessity of applying anew for a building permit, and obtaining such a permit, before proceeding with construction. Viewed another way, there was no action taken by the board on the application for a variance to which the plaintiffs and other abutters, if any, objecting to the construction of the silos, could object. The reasons given by the board for its denial of, or decision not to act on, the application for a variance may have carried an ominous portent for the abutters, but they were not aggrieved by the action of the board respecting the variance. "Commonly a person aggrieved is one whose legal rights have been infringed." *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 430 (1949), and cases cited. The action which caused the plaintiffs to be aggrieved was not the decision of September 17, 1973; rather, it was the decision to issue the building permit, and its issuance, in November.

The plaintiffs' appeal was therefore timely, having been brought within twenty days after the filing of the board's November decision in the office of the city clerk. G. L. c. 40A, § 21. It also follows that that decision cannot be sustained due to the board's failure to comply with the procedural requirements set out in G. L. c. 40A, §§ 16, 17 and 18. *Rousseau* v. *Building Inspector of Framingham*,

349 Mass. 31, 37 (1965). *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 414-415 (1966). *Planning Bd. of Peabody* v. *Board of Appeals of Peabody,* 358 Mass. 81, 83 (1970). *Potter* v. *Board of Appeals of Mansfield,* 1 Mass. App. Ct. 89, 96 (1973). The board lacked jurisdiction, and for that reason the substantive issue argued by the plaintiffs is not before the court. *Gallagher* v. *Board of Appeals of Falmouth, supra,* at 415. *Planning Bd. of Peabody* v. *Board of Appeals of Peabody, supra,* at 83.

The plaintiffs stipulated that, in the event that the board's decision should be annulled, they would waive their appeal in the mandamus action. Accordingly, the appeal in the mandamus action is dismissed. In the appeal under G. L. c. 40A, § 21, the judgment is reversed and new judgment is to be entered that the decision of the board, filed with the city clerk on November 23, 1973, was in excess of its authority and is annulled and that the permit issued by the board is null and void.

*So ordered.*