RICHARD H. PARSEGHIAN *vs.* BOARD OF ZONING APPEAL OF CAM-BRIDGE & another. March 14, 1979. This is an appeal from a judgment entered in the Superior Court upholding a decision of the board of zoning appeal of the city of Cambridge (board) to grant a special permit for the operation of an "Automobile-Oriented Food Service Establishment." The case was heard in the Superior Court upon a statement of agreed facts (compare *Pelletier* v. *Board of Appeals of Leominster,* 4 Mass. App. Ct. 58 [1976]; *Costa* v. *Zoning Board of Appeals of Framingham,* 6 Mass. App. Ct. 872 [1978]) and upon stipulations that the facts found by the board were true and that the sole issue in dispute was whether the decision of the board with respect to arts. 11.31 and 10.43 of the zoning ordinance was adequate as a matter of law. The judge ruled that art. 11.31(d) did not require the board to make an affirmative finding of reliance on walk-in as opposed to drive-in trade. There was no error. Article 11.31 plainly and simply requires the board to "give consideration" to four criteria. Article 11.31(d) does not require that applications relying on walk-in trade be granted or that those relying on drive-in trade be denied. In fact, given the applicability of art. 11.31 to both fast order food establishments and automobile-oriented food service establishments, the construction of art. 11.31(d) suggested by the plaintiff would lead to an unreasonable conclusion and should not be adopted where the language of the ordinance is "fairly susceptible to a construction that would lead to a logical and sensible result." *Bell* v. *Treasurer of Cambridge,* 310 Mass. 484, 489 (1941). *Green* v. *Board of Appeal of Norwood,* 358 Mass. 253, 258 (1970). By interpreting art. 11.31 as it did, and by giving consideration to each of the criteria set forth therein, the board acted in a way that was neither "unreasonable, whimsical, capricious, or arbitrary" nor "legally untenable." *Gulf Oil Corp.* v. *Board of Appeals of Framingham,* 355 Mass. 275, 277 (1969). *Caruso* v. *Pastan,* 1 Mass. App. Ct. 28, 29-30 (1973). The board made all the findings necessary to satisfy the requirements of art. 10.43.

*Judgment affirmed*
*with double costs.*

The case was submitted on briefs.
*William H. McLaughlin, Jr.,* for the plaintiff.
*Daniel C. Crane* for Tage Corporation.