ARTHUR ALTSCHULER & another,[1] trustees, *vs.* BOSTON RENT BOARD & others.[2] July 27, 1982. We granted the plaintiff's application for further appellate review to determine whether: (1) the Boston Rent Board (board) exceeded its authority by denying a general rent adjustment because the landlord failed to comply with G. L. c. 143, § 3R, which requires door locks on outer doors and other security measures;[3] (2) the board exceeded its authority by denying the entire amount of an adjustment intended to provide landlords with fair net operating income; and

---

[1] Herbert Carver.

[2] Tenants of Sargent-Towne Estates.

[3] General Laws c. 143, § 3R, inserted by St. 1965, c. 464, § 1, and as amended through St. 1974, c. 541, § 13, provides in pertinent part as follows: "At least one of the doors of the main common entryway into every apartment house having more than three apartments shall be so designed or equipped as to close and lock automatically with a lock, including a lock with an electronically-operated striker mechanism, a self-closing door and associated equipment, and such lock, door or equipment shall be of a type approved by the state building code commission . . . provided, however, that the said commission may, in writing, waive . . . [this] requirement . . . in appropriate cases, in which, in its opinion, other security measures are in force which adequately protect the residents of such apartment house."

(3) the board abused its discretion by denying a general rent adjustment on the ground that the landlord failed to comply with G. L. c. 143, § 3R, when the landlord was not certain what security measures were required to achieve compliance. See *Altschuler* v. *Boston Rent Bd.*, 12 Mass. App. Ct. 452 (1981). We agree with the reasoning and conclusions reached by the Appeals Court.

On appeal, the plaintiffs raised for the first time the two issues involving the board's authority to deny a general rent adjustment. The Appeals Court correctly pointed out that the plaintiffs should not have raised "these issues on appeal when [they] failed to raise them in the trial court." *Altschuler* v. *Boston Rent Bd.*, *supra* at 459. "The theory of law on which by assent a case is tried cannot be disregarded when the case comes before an appellate court for review of the acts of the trial judge." *Jones* v. *Wayland*, 374 Mass. 249, 252-253 n.3 (1978), quoting *Kagan* v. *Levenson*, 334 Mass. 100, 106 (1956).

Since these issues implicated the rights of numerous landlords and tenants, the Appeals Court concluded that it should decide these questions to aid the administration of justice. The Appeals Court held that the board has the authority to deny the entire amount of a general rent adjustment to a landlord who fails to implement the security measures required by G. L. c. 143, § 3R. See *Altschuler* v. *Boston Rent Bd.*, *supra* at 459-469. We agree.

Finally, the record does not support the plaintiffs' claim that the board acted arbitrarily in denying the general rent adjustment, because the plaintiffs did not know how to comply with G. L. c. 143, § 3R. In August and September, 1976, the plaintiffs received citations that they were not in compliance with the requirements of G. L. c. 143, § 3R. Although in October, 1976, the plaintiffs appealed these citations to the State Building Code Appeals Board, they subsequently withdrew their appeal. Had the plaintiffs prosecuted this appeal, they could have ascertained their obligations under G. L. c. 143, § 3R. Alternatively, the plaintiffs could have applied to the State Building Code Commission for a waiver of the lock requirement, but they failed to do so. See G. L. c. 143, § 3R. Since the plaintiffs had ample opportunity to determine their obligations under G. L. c. 143, § 3R, we conclude that the board did not abuse its discretion by denying the general rent adjustment.

The judgment of the Housing Court is affirmed.

*So ordered.*

*John H. Henn* for the plantiffs (*Richard Krinsky*, for Rebecca Wilson, with him).

*Edward Rabinovitz* (*R. Brooks Sherman* with him) for the tenants.

*Mark Snyder* for Boston Rent Board.