SEON P. BONAN & others[1] vs. BOARD OF APPEAL OF BOSTON
& others.[2]

Suffolk.   January 16, 1986. — March 11, 1986.

Present: ARMSTRONG, KASS, & FINE, JJ.

*Practice, Civil,* Bond, Zoning appeal. *Zoning,* Appeal; Bond; Board of appeals: notice of hearing, jurisdiction. *Notice.*

In an action for judicial review of a decision of the board of appeal of Boston, the judge who heard a motion to require the plaintiffs to file a bond did not abuse his discretion in deciding to postpone, until a later hearing, consideration of novel and complex issues concerning the adequacy of the notice the plaintiffs had been given of the hearing before the board. [681-683]

In an action for judicial review of a decision of the board of appeal of Boston favorable to certain applicants for a building permit, the judge, on motion of the parties who had prevailed before the board of appeal, was warranted in requiring the plaintiffs to furnish a bond in the amount of $250,000, in light of his assessment of the respective parties' likelihood of success on the merits and the potential harm to the moving parties from delay attributable to the prosecution of the action, and where the plaintiffs, by stipulation, had waived the right to have the judge consider their financial capacity in determining the amount of any bond required. [683-685]

CIVIL ACTION commenced in the Superior Court Department on June 29, 1984.

A motion to dismiss was heard by *John E. Fenton, Jr.,* J., sitting under statutory authority.

*Robert J. Muldoon, Jr.* (*David A. Guberman* with him) for the plaintiffs.

[1] Jerome L. Rappaport, Janet R. Bonan, Arthur Rappaport, Sandra Sommer, and Theodore J. Shoolman, as they are the general partners of Charles River Park "D" Company, a Massachusetts limited partnership; and Downtown North Association, Inc.

[2] Myrna Putziger and Richard H. Rubin, as they are trustees of Government Center Realty Trust.

*Joel Z. Eigerman* for the defendants.

FINE, J. This is an appeal from an order of a judge, sitting by designation in the Superior Court, dismissing a complaint for failure to post a bond.

The plaintiffs are a corporation with an office in ward 3 of Boston and six individuals who are general partners in Charles River Park "D" Company. The defendants are the board of appeal of Boston (the board) and the trustees of Government Center Realty Trust. On June 5, 1984, the board held a hearing on an appeal by the trustees from a denial of building permits for certain construction work at the Government Center Garage, located in ward 3 of Boston. On June 19, 1984, and on June 26, 1984, the board issued decisions favorable to the trustees. On June 29, 1984, the plaintiffs filed the complaint in this case, alleging in the first count, based on § 12 of St. 1956, c. 665 (the Boston Zoning Act), that the board's failure to give them the required notice of the hearing rendered its decisions void, and in the second count (based, although not expressly, upon § 11 of the same statute) that the board's decisions were in excess of its authority under applicable law.

On November 5 and 6, 1984, the judge held a hearing on a motion by the trustees for a bond in the amount of $7,000,000. Section 11 of St. 1956, c. 665, as amended by St. 1974, c. 669, § 1, provides, in pertinent part, that persons aggrieved by board decisions who appeal to the Superior Court "shall file a bond with sufficient surety, to be approved by the court, for such a sum as shall be fixed by the court, to indemnify and save harmless the person or persons in whose favor the decision was rendered from all damages and costs which he or they may sustain in case the decision of said board is affirmed." The plaintiffs did not object to the hearing on the motion or request that any bond requirement be limited to the second count of the complaint, which was based on § 11. Evidence was offered by the plaintiffs and by the trustees. The judge also had before him a stipulation which provided, in relevant part, that the plaintiffs waived their right to have the court consider their financial capacity in determining the amount of any bond required. The stipulation referred twice

to St. 1965, c. 665, § 11, as the basis for the appeal from the decisions of the board.

In his memorandum of decision, the judge, referring to § 11, carefully considered the background of the dispute, the likelihood of success on the merits of the respective parties, and the potential harm to the trust from the delay attributable to prosecution of the appeal from the board's decisions.

On the issue of notice, the plaintiffs relied on St. 1956, c. 665, § 8, as amended through St. 1973, c. 296, § 4, which requires the board to provide notice of a hearing in a newspaper of general circulation and by mail to appellants, to the owners of property affected by the board's action, to the Boston redevelopment authority, "and to any person filing written request for notice of hearings, such request to be renewed yearly in December . . . ." The judge found that notice was given by the board to various persons, groups, and agencies. However, none of the plaintiffs had received notice, and none was aware of the public hearing or appeared at it. The plaintiffs did not claim to be persons "affected" by the board's decisions within the meaning of the statute. Instead they relied exclusively on a written request to be notified. The judge found that

> "by letter dated January 3, 1984 on the letterhead stationery of the law firm of Rappaport and Rakov, One Longfellow Place, Boston, properly addressed to the Board of Appeal in Boston and signed by a secretary of the firm, the board was requested to provide the law firm with 'notice of all hearings coming before the board for Ward 3.' The letter enclosed a check in the amount of $25.00, drawn on the account of Jerome Lyle Rappaport, P.C., made payable to the board. The letter was mailed and the check was returned to the law firm with an endorsement which disclosed that it had been deposited to an account of the 'City of Boston Department (Bldg.) Inspectional Services.' The sending of a similar letter to the board in January of each year was a standard office practice of the law firm which had continued for several years."

As to the issue of notice, the judge determined, "[w]ithout prejudice to any disposition which may be made after a full hearing on the merits of the appeal," that the plaintiffs' claim did not appear to be frivolous or vexatious and that the plaintiffs had a reasonable likelihood of prevailing on the merits. He then listed the issues, set forth in the margin,[3] which would have to be addressed at a full hearing on the notice question. On the basis of his preliminary consideration of the issues, including the notice issue, the judge ordered that a bond be filed by the plaintiffs in the amount of $250,000. A timely appeal from the order requiring the bond was taken to a single justice of this court, who denied the plaintiffs any relief from the bond requirement. No bond having been filed, the judge allowed the trustees' motion to dismiss the case.

On appeal, the plaintiffs argue that the judge should have found, on the evidence presented, that the failure to give the Rappaport office notice was a defect which deprived the board of jurisdiction to hold a hearing and rendered its decision null and void. Further, the plaintiffs contend that their claim of lack of jurisdiction was specifically based in their complaint on § 12 of St. 1956, c. 665, and that, unlike § 11, § 12 has no bond requirement. Consequently, the plaintiffs argue, dismissal for failure to file a bond was improper. The plaintiffs further contend that since the judge found that the suit was not frivolous or vexatious, the bond requirement is an unconstitutional burden on their right to seek legal redress in a court. Finally, they challenge the amount of the bond. We decline to consider the arguments based upon the absence of a bond requirement in § 12[4] and the constitutional

---

[3] "Does the failure to notify one who requests notice constitute a jurisdictional defect? Was the notice seasonably sent to the board? Is a law firm a 'person' who can request notice? Must the request for notice specifically set forth the name and address of a 'person' for whose benefit it is requested? Must the person who requests notice and fails to receive it be 'prejudiced or aggrieved'? May the request for notice be a general request for notice of all hearings in a geographical area on a yearly basis?"

[4] Statute 1956, c. 665, § 12, as appearing in St. 1974, c. 669, § 2, provides for jurisdiction in the Superior Court "to enforce the provisions" of the act. As we have noted, count 1 of the complaint specifically referred

claim[5] because they were not raised in the trial court. See *Altschuler* v. *Boston Rent Board,* 386 Mass. 1009, 1010 (1982); *Shalbey* v. *Board of Appeal of Norwood,* 6 Mass. App. Ct. 521, 527 (1978).

We affirm the judgment on the narrow ground that the judge, in imposing a bond requirement and putting off a full consideration of the complicated notice issue until a later hearing, followed a procedure which appears to us to have been reasonable and which was specifically approved by this court in *Jack* v. *Board of Appeal of Boston,* 15 Mass. App. Ct. 311, 314 (1983). In *Jack,* the plaintiff sought in the Superior Court the annulment of variances granted by the board. The defendant developer moved that the plaintiffs be ordered to furnish a bond pursuant to St. 1956, c. 665, § 11. Without holding an evidentiary hearing on the motion, the judge conducted a detailed review of the case before ordering a bond in the amount of $50,000. One of the issues raised by the plaintiffs was the propriety of the notice given to the abutters. Commenting on the procedure followed, this court stated at 314:

> "The judge (as a matter of efficient judicial administration of a matter in which uncertainty and delay might be costly) upon discovering the plaintiffs' contention that [they] had not been given notice of the board proceedings might well have found the facts about notice and remanded the case to the board promptly. His order could have instructed the board to give all conceivably appropriate notices, to conduct a new hearing, and (after considering the evidence then adduced) either to make a new decision

to § 12. The parties stipulated, however, that the appeal was pursuant to § 11. No argument was made to the judge below at the hearing on the motion for a bond or on the trustees' motion to dismiss that no bond could be required for prosecution of the notice claim because that claim was made under § 12. The issue of notice may be raised under § 11 (see *Jack* v. *Board of Appeal of Boston,* 15 Mass. App. Ct. 311, 312, 314 [1983]), and under its counterpart in the Statewide zoning statute, G. L. c. 40A, § 17 (see, for example, *Ranney* v. *Board of Appeals of Nantucket,* 11 Mass. App. Ct. 112, 114 [1981]).

[5] See *Begley* v. *Board of Appeal of Boston,* 349 Mass. 458 (1965), and *Damaskos* v. *Board of Appeal of Boston,* 359 Mass. 55 (1971).

or to ratify and to confirm the old one. The judge did not adopt this course but proceeded under § 11 to fix the amount of the bond on the basis of the situation as he then appraised it.

"We think, in the circumstances, that it was within the discretion of the trial judge to postpone to the trial on the merits consideration of issues (some of which were likely to be complicated) concerning the adequacy of the notice of the hearing before the board."

As in *Jack,* the judge in this case could have, but was not required to, finally decide the notice issue on the basis of the motion hearing. The particular issue raised was novel and complex (see note 3, *supra*), and before deciding it the judge might well have wanted to consider additional evidence as well as more pointed legal memoranda and argument. We would normally accord a judge wide discretion as he makes decisions about the orderly performance of his work.

Because we view the bond requirement as reasonable, we need not finally decide the rights of the parties on the notice question in this appeal. We comment briefly on it, however, because the reasonableness of the amount of the bond depends to some extent on the relative strengths of the parties' cases on the merits of that issue.

Compliance with statutory notice requirements in zoning cases has been viewed as affecting the jurisdiction of a zoning board to render a decision, and any decision rendered after a hearing without adherence to the notice requirements may be determined to be invalid. *Roman Catholic Archbishop* v. *Board of Appeal of the Bldg. Dept. of Boston,* 268 Mass. 416, 418-419 (1929). *Kane* v. *Board of Appeals of Medford,* 273 Mass. 97, 103-105 (1930). *Rousseau* v. *Building Inspector of Framingham,* 349 Mass. 31, 36-37 (1965). *Gallagher* v. *Board of Appeals of Falmouth,* 351 Mass. 410, 414-415 (1966). *Lane* v. *Selectmen of Great Barrington,* 352 Mass. 523, 526 (1967). *Planning Bd. of Peabody* v. *Board of Appeals of Peabody,* 358 Mass. 81, 83 (1970). However, defective notice is not always viewed as jurisdictional. "To rule that a board of appeals

loses jurisdiction to act in every such or comparable instance would be to rule that every successful petitioner before the board, who has no control over the manner in which the board performs its duties . . ., would remain indefinitely subject to attack in proceedings in the nature of mandamus which might be brought against the officer charged with the enforcement of the pertinent zoning ordinance or by-law. . . . We do not believe any such result is required or desirable." (Citations and footnote omitted.) *Kasper* v. *Board of Appeals of Watertown,* 3 Mass. App. Ct. 251, 256 (1975). See also *Morrison* v. *Selectmen of Weymouth,* 279 Mass. 486, 490-491 (1932), and cases cited; *Pitman* v. *Medford,* 312 Mass. 618, 622-623 (1942); *Gamache* v. *Acushnet,* 14 Mass. App. Ct. 215, 219-220 (1982); *Jack* v. *Board of Appeal of Boston,* 15 Mass. App. Ct. at 314-315. Those cases, in which the notice requirements were not viewed as jurisdictional, were ones in which the party claiming to be aggrieved by the board's action knew of the proceedings and was not prejudiced by whatever defect there was in the notice.

We recognize that the opportunity for citizens to have their voices heard on zoning matters is important and that statutory notice requirements are designed to serve the purpose, among others, of assuring that that opportunity exists. We strongly doubt, however, that in the absence of a showing of some particular interest in a zoning decision on the part of a party claiming to be aggrieved, the failure to give notice in a situation such as that involved in the instant case is the type of failure which would deprive a board of jurisdiction. These plaintiffs are outside the circle of persons established by the statute as presumptively aggrieved. Compare, e.g., *Waltham Motor Inn, Inc.* v. *LaCava,* 3 Mass. App. Ct. 210, 214-215 (1975). The requirement of notice to persons filing written requests to receive notice of hearings does not appear in the Statewide Zoning Act. The requirement appears to have been modeled on provisions in the State Administrative Procedure Act, G. L. c. 30A, §§ 2 and 3, which have similar notice requirements. Those sections are followed by § 3A, which makes clear that failure to give the notice required renders agency decisions invalid.

We might draw a negative inference from the fact that no equivalent provision exists in the Boston Zoning Act. To hold such a requirement to be jurisdictional in every case would have extremely serious consequences. Any person, anywhere, having requested notice of hearing concerning property in any segment of the city, or in the whole city, could, years later, for a lapse on the part of a clerical employee, jeopardize an otherwise proper action of the board. Moreover, he could do so without any real interest in the subject matter of the board's decision and notwithstanding his receipt of constructive notice through publication. We do not think the Legislature intended such a result.

Since we assess the merits differently from the judge below, we do not consider the plaintiffs' arguments that, because they had a strong case, the bond was excessive in amount. The judge's determination of the appropriate amount may in fact have been more favorable to the plaintiffs than the situation warranted. Apart from the merits, the plaintiffs having conceded their financial ability to post the bond, the only other consideration entering into the judge's determination of the amount of the bond was the potential harm to the trust. See *Damaskos* v. *Board of Appeal of Boston,* 359 Mass. 55, 64 (1971). The judge excercised his discretion properly in his consideration of that issue.

*Judgment affirmed.*