Ostrach, Stephen, J.
Background
The following facts, which appear to be undisputed, are taken from the parties’ pleadings. Plaintiff, TBJ, Inc., d/b/a Princeton Spirits (“Princeton Spirits”) has appealed from a July 20, 2005 decision of the Princeton Zoning Enforcement Officer which was upheld by the defendant Zoning Board of Appeals (“ZBA”) on August 18, 2005. Princeton Spirits was represented at that hearing and presented argument on the merits. On September 19, Princeton Spirits filed the complaint in this action and on September 23 it gave notice to the Town Clerk of that filing. The ZBA moved to dismiss the appeal because of Princeton Spirits’ failure to comply with G.L.c. 40A, §17, para. 1 which requires a person aggrieved by a ZBA decision to appeal to this court within 20 days and to give notice of the action to the town clerk within that 20-day period. Appellate courts have held that that latter provision is to be “policed in the strongest way.” Bingham v. City Council of Fitchburg, 52 Mass.App.Ct. 566,568 (2001) (citation omitted). Since it was undisputed that notice was not given until 24 days after the ZBA decision, I reluctantly allowed the ZBA’s motion to dismiss all but Count IV *743 of the Second Amended Complaint which alleges that the ZBA failed to comply with the notice requirements of G.L.c. 40A, §§11 and 15 and so lacked jurisdiction over its appeal. Count IV stood on a different footing because of G.L.c. 40A, §17, para. 2, which provides a 90-day review period for allegations of defective “notice by publication, mailing or posting.”
Statement of Facts
As is made clear by the language quoted above, the ZBA was required to give notice of its proceeding in three ways: by newspaper publication, by mailing to interested parties and by posting in Town Hall. Here there is no dispute that completely adequate notices were published and sent to interested parties, including, of course, Princeton Spirits. See Attachments 1 and 2 to the Trudeau Affidavit. Plaintiff s sole argument is that the notice posted in Town Hall (the Posted Notice) was defective. The Posted Notice, Attachment C to the Second Amended Complaint, correctly gives the time, date and place of the ZBA hearing, it correctly identifies the name and address of the party (Princeton Spirits) and it states that the event is an “Administrative Appeal Public Hearing,” which it was. However, unlike the published and mailed notices, the Posted Notice did not give the date of the Enforcement Officer’s violation letter nor did it mention that the violation involved “neon signs.” On this slender reed Princeton argues that the Posted Notice was legally defective, that that defect vitiated the ZBA’s jurisdiction to hold a hearing and that the decision on appeal must therefore be vacated. Unstated, but implicit in Princeton Spirits, argument, is the forceful proposition that the ZBA’s largely successful motion to dismiss was based on a hypertechnical, non-merits argument and turnabout is fair play.
Analysis
“The clear purpose of the hearing and notice provisions of [section 11] is to ensure that zoning authorities act.. . only after the opposing interests have had a fair opportunity to be heard.” Tenneco Oil Co. v. City Council of Springfield, 406 Mass. 658, 660 (1990). Here there was such a “fair opportunity.” Princeton Spirits presented its position to the ZBA, albeit unsuccessfully. Even assuming that the Posted Notice was a “failure to provide notice,”[1] Princeton would not be entitled to prevail. “[N]ot every decision of an administrative board need be invalidated for the board’s failure to comply precisely with each of the notice provisions of a statute such as [section 17] . . . Successful attack on a board’s decision, in the face of actual notice but in the absence of statutorily required notice, should be restricted to circumstances where prejudice is demonstrated.” Chiuccariello v. Building Commissioner of Boston, 29 Mass.App.Ct. 482, 486 (1990) (Ireland, J.) (quotation omitted). Here, of course, any defect in the Posted Notice had no impact on Princeton Spirits. Defective notice in zoning cases is not always viewed as jurisdictional. Bonan v. Board of Appeal of Boston, 21 Mass.App.Ct. 678, 683 (1986). The cases in which notice requirements were deemed not to be jurisdictional “were ones in which the party claiming to be aggrieved by the board’s action knew of the proceedings and was not prejudiced whatsoever by whatever defect there was in the notice.” Id. at 684.
Conceding that its interests were not affected by any deficiencies in the Posted Notice, Princeton Spirits at argument raised the prospect of an ordinary citizen of the Town who monitors posted notices and who, it suggests, if adequate Posted Notice had been given, might have exercised his or her right to come to the Board’s hearing and speak in its favor. This Norman Rockwell-like image has its attractions and, as the court noted in Bonan, the opportunity for citizens to be heard on zoning matters is important and is an end which the statutory notice requirements are designed to serve. Id. But the court went on to note that it “strongly doubtfed] that in the absence of a showing of some particular interest in a zoning decision on the part of a party claiming to be aggrieved, the failure to give notice to [one outside the circle of persons established by the statute as presumptively aggrieved] would deprive aboard of jurisdiction.” Id. So too here, that hypothetical, disinterested citizen would not have had standing to appeal the ZBA decision and so, at least in the circumstances of this case, failure to provide him or her with perfect notice does not fatally wound the ZBA’s abiliiy to move forward.
Finally, if necessary to resolution of this action, I would find that the Posted Notice adequately complied with the intent of the statutory public posting requirement. Princeton Spirits has cited no case which invalidated a posted notice on the grounds that it did not fully discuss the nature of the appeal the ZBA would consider. The Posted Notice gave an accurate time, date and place for the ZBA meeting and correctly identified the private entity involved and its address. Any reasonable person concerned about this matter, even one who did not receive the more complete mailed or published notices, would have had notification sufficient to pique his or her interest and to allow for further investigation and attendance at the hearing.
Conclusion
Since Princeton Spirits was not prejudiced by any defect in the Posted Notice, the ZBA was not divested of jurisdiction over this matter. All other aspects of Princeton Spirits’ attack on the ZBA’s action having been previously dismissed, the ZBA is entitled to summary judgment in its favor and the motion for summary judgment on Count IV is allowed.

 Which, as discussed below, I do not find.