TRA-JO CORPORATION & another *vs.* TOWN CLERK OF METHUEN & another. October 16, 1974. By a petition for a writ of mandamus the petitioners challenged the validity of a so called moratorium on the construction of residential building units in new subdivisions in Methuen. The moratorium was purportedly adopted on May 21, 1973, as a zoning provision by vote of the town council, "the legislative body" which the parties agree "has been substituted for the 'Town Meeting.' " This provision restricted the approval of any residential building unit "until such time as the presently existing zoning ordinance and zoning map can be revised and amended in accordance with a comprehensive zoning plan, and no later than September 23, 1974." Exemptions were provided for lots not requiring prior subdivision approval by the planning board and lots shown on subdivision plans approved prior to March 23, 1973. This petition was filed on February 8, 1974, more than eight months after the adoption of the challenged zoning provision. Although a statement of agreed facts was filed promptly and the matter was reserved and reported to the full bench of this court by a single

justice on March 7, 1974, no request was made by the petitioners to advance the case for prompt hearing before the full court. The case thus was placed in the normal course on the list for hearing in October of 1974, which was, of course, after the expiration of the moratorium. On August 30, 1974, the case was submitted on briefs by agreement of the parties. At this point all but twenty-four days of the sixteen months of the moratorium had elapsed. The parties were advised early in September that a decision could not be rendered before the issues would become moot on September 23. Each side requested, however, that we determine the validity of such a moratorium, urging that it presents a question of first impression in the Commonwealth capable of repetition, yet evading review. See *Karchmar* v. *Worcester*, 364 Mass. 124, 136 (1973), and cases cited. We believe, however, that the determination of cases of this character may depend on their particular facts and that judicial review can often be obtained in such situations by litigation, promptly commenced and diligently pursued. We therefore remand the case to the county court with directions to dismiss the petition because the case has become moot. See *Reilly* v. *School Comm. of Boston*, 362 Mass. 689, 696 (1972).

*So ordered.*

The case was submitted on briefs.
*Eugene L. Tougas* for the petitioners.
*Americo J. Fusco*, Town Solicitor, for the respondents.