Sikora, J.
INTRODUCTION
The plaintiff Clarisse Remedor brought this action pursuant to G.L.c. 30A, §14, for judicial review of the Massachusetts Department of Housing and Community Development’s (“DHCD”) final decision denying her “emergency case status” in her application for public housing under 760 CMR 5.00 et seq. The parties have filed cross motions for judgment on the pleadings under Mass.R.Civ.P. 12(c). The court heard oral argument on August 2, 2004. At the hearing, it became apparent that Remedor’s status as “homeless” under the regulations had changed and that the issue raised in this appeal had become moot. The court invited the parties to submit supplemental memoranda upon the question whether the appeal deserves decision despite its mootness. After careful consideration of the administrative record, the arguments of counsel, and the supplemental memoranda submitted on the mootness issue, I conclude that Remedor’s appeal does not present issues justifying a decision despite mootness. For that reason, final judgment of dismissal by reason of mootness will now enter.
BACKGROUND
The following facts emerge from the administrative record as undisputed. Ms. Remedor worked as a certified nurse’s aide and lived in an apartment in Waltham for approximately four years prior to 2002. She had always paid her rent on time. She has suffered from multiple ailments, including asthma, high blood pressure, obesity, and diabetes. In February 2002, she lost her job because her health prevented her from working. She continued to pay her rent in full through August 2002 when she depleted her savings. She maintains that conditions in the apartment were substandard, violated the warranty of habitability, exacerbated her illnesses, and endangered her health.
In September of 2002 Remedor’s landlord terminated her tenancy for failure to pay rent. The landlord instituted a summary process action. With the assistance of counsel, Remedor negotiated a settlement of the summary process action. It resulted in an agreement for judgment executed in November of2002. The parties “agreed that judgment shall enter herein for the [landlord] for possession with respect to the property . . . and against [Remedor].” Remedor agreed to vacate the premises by January 10, 2003, and “acknowledge[d] and agree[d] that the [landlord] [was] entitled to outstanding rent” and “use and occupancy” charges for the months of July through January. However, as part of the agreement, the landlord agreed to waive the claim to those amounts if Remedor vacated the apartment by January 10. Finally, Remedor released any and all claims against the landlord arising from her tenancy in the premises.
Remedor applied to the Waltham Housing Authority (WHA) for placement in public housing on November 22, 2002, and sought “emergency case status” through the WHA’s emergency case plan. Emergency case status places an applicant ahead of other “standard” applicants awaiting public housing. WHA’s plan conferred emergency case status upon individuals who were “homeless,” as defined in 760 CMR5.03, and whose homelessness was the result of “causes other than the fault of the applicant.” The regulation defines the second criterion as “causes outside of the [applicant’s] reasonable control, including but not limited to substandard housing conditions which directly and substantially endanger or impair the health, safety, or well-being [of the applicant], and other circumstances as determined by the [Local Housing Authority].” On February 26, 2002, WHA approved her application for public housing but denied her application for emergency case status. It found that she had a history of nonpayment of rent.
The WHA director affirmed the decision. He found that Ms. Remedor had become homeless as a result of her own doing. He cited the terms of the agreement for judgment: Remedor’s admission of liability for rent and her waiver of all claims against the landlord. He observed that Ms. Remedor had alleged violations of the warranty of habitability for damages exceeding the amount of rent owed; and that this claim or counterclaim had never reached adjudication or accumulated objective support from evidence. He reasoned that “it cannot be inferred from the agreement that [her allegations were] true.” He noted that Ms. Remedor “also claims that she was not evicted but rather reached an agreement to vacate her apartment owing nothing to the landlord.” He concluded as follows:
The applicant cannot have it both ways. She vacated the apartment because she owed money she couldn’t or wouldn’t pay or she left voluntarily. In either case, she is “not homeless at no fault.”
Ms. Remedor appealed that decision to DHCD. She was the only witness. The agency affirmed the denial of emergency care status. Its decision included its reasoning.
*292 The “homeless” properly under the Emergency Case Plan is only available to applicants who lost their housing for reasons that were beyond [their] control. Although the Applicant claimed there were defects in the premises that negatively affected her health, she did not pursue available ways to prevent or avoid any safety or life threatening situation by seeking assistance through the courts or appropriate administrative or enforcement agencies . . . There is no indication that the Applicant would have vacated the premises but for the eviction action brought against her for failing to pay rent. Because the Applicant’s housing situation does not meet the requirements of an Emergency Case . . . she cannot be offered housing ahead of other equally needy applicants on the waiting list.
Ms. Remedor timely appealed that decision to the Superior Court under G.L.c. 30A, §14(7). During the interim she has secured housing at a congregate facility in Newton. She is no longer “homeless” within the definition of 760 CMR 5.03 and therefore no longer eligible for emergency case status.
REASONING
The critical first issue of the case is whether the appeal deserves consideration despite its mootness. “The mootness doctrine applies to judicial review of administrative decisions . . Internat'l Marathons, Inc. v. Attorney General, 392 Mass. 376, 380 (1984). Ordinarily, courts should “refuse to render decision in the absence of an actual controversy.” Flint v. Comm’r of Pub. Welfare, 412 Mass. 416, 419 (1992). However, an exception to this rule permits a court to consider the issue if it is “capable of repetition, yet evading review.” Tra-Jo Corp. v. Town of Methuen, 366 Mass. 846, 847 (1974), citing Karchmar v. Worcester, 364 Mass. 124, 136 (1973).
Here no information in the administrative record or the memorandum of Ms. Remedor indicates a pattern or repetition of her situation. The generic hypothetical situation “capable of repetition but evading review” would consist of circumstances (1) in which a residential tenant suffered harm to his or her health from substandard housing conditions; (2) in which he or she then lost employment by reason of that diminished health; (3) in which he or she consequently lost the capacity to pay rent; (4) in which he or she suffered a resulting eviction; and (5) in which he or she failed to qualify for emergency case status by reason of eviction for nonpayment of the rent. The underlying proposition is that the landlord may cause the faultness homelessness of the tenant and still deprive her of emergency case priority. Again this case presents no evidence or information of a recurrence or pattern of such a scenario beyond its simple hypothesization. If such a case were to arise, it could come through the administrative system and then to the reviewing courts for adjudication as a genuine controversy.
Beyond the absence of a pattern, a further circumstance robs Ms. Remedor’s case of the generic character necessary for exemption from the fundamental rule of mootness. Specifically, she negotiated and executed a settlement seemingly excusing the landlord from any fault in exchange for its excusal of her from the obligation of six months rent. Her request for an exception from the mootness prohibition implicitly repudiates that settlement (as the WHA director noted and criticized). The element of the specific settlement terms further renders this case as one of a circumstantial, rather than a categorical, nature. It introduces the difficult factual question whether Remedor executed the settlement intelligently and voluntarily on its merits or involuntarily under pressure or duress originating from the fault of the landlord. It would likely introduce also the issue of the validity of a tenant’s often suspect uninhabitabiliiy claims in reaction to the prospect of eviction for nonpayment of rent. The merits of these issues will be peculiar to each case. See Tra-Jo Corp., 366 Mass. at 847 (a case requires dismissal as moot if “cases of this character may depend on their particular facts”).
ORDER
For these reasons final judgment of dismissal with prejudice by reason of mootness shall now enter in favor of the defendant Massachusetts Department of Housing and Community Development.